■ In the Matter of PRINCE BATES, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Appellant.—Casey, J. Appeal from a judgment of the Supreme Court (Doran, J.), entered February 16, 1988 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

Petitioner, an inmate at Midstate Correctional Facility in Oneida County, was found guilty of violating a prison rule after a Superintendent's hearing. Following the denial of his administrative appeal, petitioner commenced this CPLR article 78 proceeding, alleging that the Hearing Officer committed certain errors regarding petitioner's right to call witnesses at the hearing. Respondent contended that petitioner failed to preserve the alleged errors for judicial review by failing to raise them in his administrative appeal and that, in any event, no error was committed by the Hearing Officer. Supreme Court held that petitioner's administrative appeal asserted the errors, although inartfully, and concluded that petitioner's rights were violated. The petition was granted and respondent was directed to expunge the disciplinary matter from petitioner's records. Respondent appeals.

We agree with respondent that since the procedural rights asserted by petitioner are based upon respondent's regulations, petitioner's failure to object at the hearing or to raise the issue upon his administrative appeal, when the alleged error could promptly be cured, precludes him from raising the issue in an article 78 proceeding (see, Matter of McClean v LeFevre, 142 AD2d 911). Applying even the most liberal construction to petitioner's administrative appeal, we are

unable to discern any claim that his right to call witnesses was adversely affected by the Hearing Officer's rulings. Petitioner relies upon the sentence which reads, "My witnesses' testimony nor mine was even considered". Neither standing alone nor considered in the context of the remainder of petitioner's appeal can this sentence be construed as anything other than a challenge to the sufficiency of the evidence; in particular, a challenge to the Hearing Officer's failure to credit the testimony of petitioner and the three witnesses who testified at his request. Assuming that petitioner's appeal was sufficiently ambiguous to alert the review board that some issue other than the sufficiency of the evidence was being raised, the nature of that issue is not decipherable from petitioner's appeal, and the absence of any objection during the hearing created a record that provided no insight into what petitioner's complaint might be. Although petitioner's status as a *pro se* litigant is a factor to be considered in determining whether he exhausted available administrative remedies, it does not excuse him from the obligation to make known his objections during the course of the administrative process *(see, Matter of Aliym v Miles,* 138 AD2d 833).

Despite an inmate's failure to raise an issue upon administrative appeal from a disciplinary proceeding disposition, we have, on occasion, considered issues of constitutional dimension "in the interest of justice" *(see, e.g., Matter of Wong v Coughlin,* 138 AD2d 899, 900; *Matter of Hobson v Coughlin,* 137 AD2d 940; *see also, Matter of Blake v Mann,* 145 AD2d 699). Petitioner contends that the procedural errors committed by the Hearing Officer deprived him of his due process right to call witnesses, but since we find no prejudice to petitioner in these rulings there is no basis for departure from the general rule requiring exhaustion of administrative remedies. In regard to inmate Eric Thomas, petitioner contends that since petitioner was not allowed to be present while Thomas testified and the Hearing Officer failed to give any reason for taking the testimony outside petitioner's presence, petitioner's rights were violated even though a tape recording of Thomas' testimony was played for him (7 NYCRR 254.5 [b]; *see, Matter of Garcia v LeFevre,* 64 NY2d 1001). We see no prejudice to petitioner, however, since Thomas' testimony was entirely consistent with the version of the incident offered by petitioner, thereby distinguishing this case from *Matter of Garcia v LeFevre (supra).* Petitioner also contends that the Hearing Officer provided an improper reason for refusing to permit an inmate named Porter to testify, as

requested by petitioner (7 NYCRR 254.5 [2]; *see, Matter of Barnes v LeFevre,* 69 NY2d 649), but again we see no prejudice to petitioner. Porter was one of several inmates who were involved in or witnesses to the incident which gave rise to the charges against petitioner. Three of those inmates, as well as petitioner, testified at the hearing, and their versions of the incident were substantially identical. There is nothing in the record to indicate that Porter's testimony would have added anything to the testimony given by petitioner and his other three witnesses, and petitioner makes no such claim in this proceeding.

For the reasons previously discussed, Supreme Court's judgment should be reversed and the petition dismissed.

Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.