OPINION OF THE COURT
Chief Judge Wachtler.
Petitioner, an inmate at a State prison, was charged with assaulting another inmate in violation of prison regulations. After an administrative hearing the charge was sustained and various sanctions were imposed including the loss of one year of "good time”. Petitioner unsuccessfully applied to the Appellate Division to have the determination set aside, claiming, as he does on this appeal, that the prison authorities violated his due process rights as well as their own regulations. The principal contentions are that he was not given an adequate statement (1) of the evidence on which the determination was based and (2) as to why his request to call two witnesses was denied. He also claims that the Appellate Division erred in remitting the case to the Hearing Officer to clarify the first point.
On October 26, 1987, an inmate, James Hauser, was assaulted at the Sullivan Correctional Facility. Petitioner, also an inmate at the facility, was charged with committing the assault, in violation of prison regulations.
At the Tier III hearing, the correction officer who filed the misbehavior report testified that he spoke to a confidential informant who witnessed the assault and identified the petitioner as the assailant. Out of the petitioner’s presence and without his knowledge the Hearing Officer also interviewed the informant, who confirmed these facts and indicated that he did not wish to give public testimony because of concern *145 for his safety. The interview was recorded and included in the record as a confidential file.
Petitioner denied committing the assault or being in the area at the time of the incident. He also called Herbert Jenkins, a prison employee assigned to assist him, who said that he had interviewed Hauser. According to Jenkins, the victim had stated that petitioner had not done anything to him and had agreed to appear as a witness for him at the hearing. However, when called for the hearing, Hauser had signed a form refusing to appear which indicated he did not wish to become involved because he feared a reprisal.
The petitioner requested that the confidential informant be called as a witness, but the Hearing Officer denied the request. He initially stated that the information was confidential. When the petitioner suggested that the informant be "interviewed in my absence” the Hearing Officer stated that this witness has "already made a statement.” At the conclusion of the hearing the charge was sustained. In a written statement the Hearing Officer indicated that the determination was based on "information received from a confidential source.”
Petitioner then commenced this CPLR article 78 proceeding to annul the determination on a variety of grounds including a claim that the prison authorities failed to give an adequate statement of the evidence relied upon in violation of the Constitution and their own regulations. The Appellate Division remitted the case to the Hearing Officer for clarification on this point and withheld the appeal. On remittal, the Hearing Officer gave an amplified statement revealing his interview of the informant, the nature of his testimony and his reliance on this testimony recorded in the confidential transcript. The Appellate Division dismissed the petition, concluding that the amplified statement and the transcript satisfied the requirements of due process and the Commissioner’s regulations.
On appeal to this court, the petitioner challenges this holding and the propriety of the remittal. He also raises a number of other issues not discussed by the Appellate Division most of which relate to the refusal of the prison authorities to call the two witnesses he requested at the hearing. He claims that the Commissioner’s determination should be set aside because the prison authorities violated rights guaranteed by the Constitution and their own regulations.
*146 A prisoner charged with violating a prison regulation which could result in the loss of "good time” credit is entitled to minimal due process protections (Wolff v McDonnell, 418 US 539). The inmate has a right to advance written notice of the claimed violation as well as a written statement by the fact finders as to the evidence relied on and the reasons for the disciplinary action (Wolff v McDonnell, supra, at 563-565; Superintendent v Hill, 472 US 445). He also has a conditional right to call witnesses when that will not be unduly hazardous to institutional safety or correctional goals (Wolff v McDonnell, supra, at 566). But he has no right to counsel and no right to confront or cross-examine witnesses (Wolff v McDonnell, supra, at 563-570; Baxter v Palmigiano, 425 US 308). The hearing serves the limited purpose of permitting the inmate to produce whatever evidence he may have relating to his innocence or mitigating his guilt and there is "no requirement that the disciplinary authority call any adverse witnesses, including the charging party, to testify at the hearing” (People ex rel. Vega v Smith, 66 NY2d 130, 141).
There are several reasons for limiting an inmate’s rights in this manner. Chief among them is the need to reduce the risk of violence between the accused inmate and those who would charge him or furnish evidence against him. "Retaliation is much more than a theoretical possibility; and the basic and unavoidable task for providing personal safety for guards and inmates may be at stake, to say nothing of the impact of disciplinary confrontations and the resulting escalation of personal antagonisms on the important aims of the correctional process” (Wolff v McDonnell, supra, at 562). Thus one of the primary reasons that the inmate’s right to call witnesses is conditional is that prison officials "must have the necessary discretion * * * to refuse to call witnesses that may create a risk of reprisal” (Wolff v McDonnell, supra, at 566). And when this risk exists, the Hearing Officer may exclude certain items from the written statement of the evidence relied upon if revealing the information would compromise or endanger a witness (Wolff v McDonnell, supra, at 565).
An inmate’s constitutional rights at disciplinary proceedings are implemented by the prison regulations in this State. The regulations provide that he is entitled to a written statement of the charge, and the evidence on which the determination is based (7 NYCRR 254.6 [a]; 254.7 [c]). He is also granted a conditional right to call witnesses, unless the Hearing Officer determines this would "jeopardize institutional safety or cor *147 rectional goals” (7 NYCRR 254.5 [a]). This regulation further provides that if such a request is denied, the Hearing Officer shall give the inmate a written statement specifying the reasons for the denial. This was suggested by the Supreme Court but not required as a matter of due process (Wolff v McDonnell, supra, at 566; Ponte v Real, 471 US 491). The regulation also grants the inmate the conditional right to be present when his witnesses testify, subject to the same terms (7 NYCRR 254.5 [b]).
The petitioner raises several contentions concerning the Hearing Officer’s refusal to call the victim and the confidential informant as the petitioner requested.
With respect to the victim, Hauser, petitioner urges that the prison authorities violated the regulation by failing to give him a written explanation for the denial. The record shows that the Hearing Officer informed the petitioner that this witness did not wish to testify because he feared retaliation. The Hearing Officer also provided the petitioner with a form signed by the victim on which he had checked a block stating "does not want to become involved” and added a handwritten notation stating "fear of reprisal.” The petitioner objects to the use of the form and the conclusory nature of the victim’s statement, but there is no requirement that the witness provide a detailed explanation of the basis for his fear, which itself might compromise his safety. Thus, in this instance, the requirements of the regulation were met.
With respect to the confidential informant, the petitioner claims that the prison authorities violated due process and their own regulation by failing to provide him with a written explanation as to (1) why the Hearing Officer decided to interview him out of the petitioner’s presence and (2) why the Hearing Officer denied petitioner’s subsequent request to call the confidential witness on his own behalf. A disciplinary determination cannot stand when a denial of the inmate’s request to call a witness, or to be present when his witness testifies, is wholly unexplained (Matter of Garcia v LeFevre, 64 NY2d 1001) but will not be set aside if the record discloses the basis for the denial (Matter of Cortez v Coughlin, 67 NY2d 907). There is some question as to whether the regulation applies in these circumstances.* But the simple answer to the *148 petitioner’s contention is that the record shows that the Hearing Officer interviewed the informant in the petitioner’s absence because there was a risk of retaliation and denied petitioner’s request to have the informant called to testify out of his presence because he had already done so. Thus, the record discloses the basis for the determinations and shows that they were justified. This satisfies the regulation, and the Constitution imposes no heavier burden (Baxter v Palmigiano, 425 US 308, 320-322, supra).
The petitioner’s primary argument on the appeal is that the Hearing Officer did not provide an adequate statement of the evidence on which he relied in determining that the petitioner committed the assault. On this point we agree with the Appellate Division that the Hearing Officer could have been more forthright in his initial statement but that the amplified statement satisfied the requirements of the Constitution and the regulation. It adequately summarized the essential points of the witness’s testimony as it appears in the confidential transcript, omitting only the witness’s name and such circumstances as might reveal his identity. It was appropriate to exclude these items since the transcript indicates that there was a legitimate concern for the witness’s safety.
Petitioner’s contention that it was improper for the Appellate Division to remit for the amplified statement is based primarily on our decision in Matter of Hartje v Coughlin (70 NY2d 866). In that case, however, the evidence in the record was insufficient to sustain the charge and we held it was improper to give the agency a second chance to prove its case. Here, the evidence in the record was sufficient to sustain the *149 determination and remittal simply permitted the agency to more adequately describe the nature of the informant’s evidence contained in the confidential transcript on which the Hearing Officer had relied.
Although the practice is far from ideal, and should not become standard, we do not consider it fatal in this case, bearing in mind, as the Supreme Court has noted, that this is a new area of the law in which some experiment must be expected and tolerated before workable rules are formulated. The reluctance of the Hearing Officer to reveal too much evidence in his initial statement was excessive but understandable in light of the sensitivity and novelty of the situation. Essentially the petitioner’s complaint is with the timing and it does not appear that he was prejudiced by this. Significantly the record does not indicate that he ever applied for an amplified statement but chose instead to wait until he reached the court where he could raise this as a basis for annulling the determination. Thus, in this case, we find no basis for setting aside the determination because of the deficiency of the initial statement.
Accordingly, the judgment of the Appellate Division should be affirmed.
Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Judgment affirmed, without costs.

 The regulation is captioned "inmate witnesses” and is obviously meant to implement the inmate’s right to call witnesses on his own behalf. On its face the provision allowing the inmate to be present during the appearance *148 of one of his own witnesses, would seem to have no application when the Hearing Officer calls a witness to sustain the charge.
The State urges that the right to call witnesses, or be informed in writing as to the basis for the denial, is inapplicable when the witness has already given evidence for the State. The petitioner notes that the regulation does not expressly preclude the inmate from calling adverse witnesses, although it is difficult to see how he can benefit from calling such a witness on his own behalf. He would have no right to confront or cross-examine those who have given evidence against him. Presumably his only interest would be to have the witness personally interviewed by the Hearing Officer, which in the case of a confidential witness, would have to be done out of the petitioner’s presence. That had already occurred in this case.
In short, it is not entirely clear whether the regulation required the prison authorities to give the petitioner a written statement setting forth the reason why the Hearing Officer denied his request to call their confidential informant to be interviewed again.