■ In the Matter of PHILLIP NIEVES, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Mercure, J. Appeal from a judgment of the Supreme Court (Conway, J.), entered April 12, 1989 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, was charged with refusal to obey a direct order and possession of a controlled substance as a result of a July 10, 1988 incident. According to evidence adduced at a Tier III hearing, as petitioner was walking through the prison's rotunda area, Correction Officer Keith Hendry ordered him to stop in order to conduct a pat frisk. Rather than comply with the order, petitioner continued through the rotunda and proceeded approximately 60 feet

down the main corridor. Hendry and Correction Officers Ed Sharrow and M. Roberts pursued petitioner and again ordered him to stop. At that time, petitioner stepped up to another inmate and was observed handing him an object, which was seized and, upon examination, was determined to be a bundle of 14 hand-rolled marihuana cigarettes. Petitioner was found guilty as charged and punishment was imposed. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to annul the determination. Supreme Court granted judgment in favor of respondent dismissing the petition, and this appeal ensued.

We affirm. It is petitioner's chief contention that his right to call witnesses at the hearing was impermissibly denied. We disagree. At petitioner's request, testimony was taken from Correction Lieutenant T.R. Fitzgerald, Correction Officers Hendry, Sharrow and Roberts, and inmate Barry Parker. Although all of the officers' testimony was essentially cumulative and consistently damaging to petitioner's defense, petitioner also insisted upon questioning Correction Officer Morse who, although apparently present in the rotunda area, did not follow petitioner down the main corridor and was not present at the time of his apprehension. Under the circumstances, we agree with the Hearing Officer's determination that Morse's testimony would have been immaterial or, at best, redundant *(see,* 7 NYCRR 254.5 [a]; *Matter of Young v Coughlin,* 144 AD2d 753, 754, *lv dismissed* 74 NY2d 625).

Turning to petitioner's remaining contention, that the Hearing Officer was not impartial, we have examined the record and find this claim to be similarly meritless. The fact that, during the hearing, the Hearing Officer made notes of witnesses' testimony on the "evidence" portion of the disposition form does not indicate a predisposition toward a finding of guilt. Nor do we fault the Hearing Officer's refusal to accede to petitioner's inappropriate demand that the form be produced for his review during the hearing. In the absence of support in the record for the claim of bias and proof that the outcome of the hearing flowed from the alleged bias *(see, Matter of Hughes v Suffolk County Dept. of Civ. Serv.,* 74 NY2d 833, 834), this branch of the proceeding was properly dismissed.

Judgment affirmed, without costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.