■ In the Matter of JAMES R. IRBY, III, Appellant, v WALTER R. KELLY, as Superintendent of Attica Correctional Facility, et al., Respondents.—Kane, J. P. Appeal from a judgment of the Supreme Court (Hughes, J.), entered February 24, 1989 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, while an inmate at Clinton Correctional Facility in Clinton County, was charged with violating several prison disciplinary rules as a result of an altercation with Correction Officers H. Boyle and R. Vaughan, during which petitioner verbally harassed and physically assaulted Boyle. A tier III disciplinary hearing was held in June 1987 and a disposition finding petitioner guilty of all charges was administratively affirmed. Supreme Court, however, annulled the disposition and remitted the matter for a new hearing. Since petitioner had been transferred to Attica Correctional Facility, the rehearing was held there, after which petitioner was again found guilty. After an unsuccessful administrative review, petitioner commenced the instant CPLR article 78 proceeding seeking, inter alia, annulment of respondents' determination. Supreme Court summarily dismissed the petition as being without merit and this appeal followed.

We affirm. Initially, we note that although the hearing transcripts and record presented herein are somewhat indecipherable, we find that the record contains more than the substantial evidence needed to determine petitioner's guilt and that the procedural infirmities forwarded as grounds for annulment by petitioner fail to convince this court that Supreme Court's dismissal of the petition was improper.

Of the various contentions made by petitioner, only two merit our brief consideration. Petitioner argues that he was denied adequate employee assistance because his appointed assistant failed to interview inmate witnesses and failed to provide petitioner with documentary evidence. We disagree.

To successfully show that the assistance provided was inadequate, it must be shown that the alleged inadequacies resulted in some prejudice to petitioner *(see, Matter of Serrano v Coughlin,* 152 AD2d 790, 792). We find purely speculative petitioner's claim of prejudice due to failure on the assistant's part to interview witnesses who had already testified at petitioner's original hearing. Petitioner possessed prior knowledge of the substance of their testimony and has failed to show that he was prejudiced by lack of any further information pertaining thereto. We similarly reject petitioner's argument that his assistant's failure to supply him with certain documentary evidence impermissibly denied him his due process rights. Petitioner was eventually given the "unusual incident report", albeit toward the end of his hearing. However, that report contained essentially the same information contained in the misbehavior report issued to petitioner, a fact that, in our view, sufficiently ameliorates any claimed prejudice. Furthermore, petitioner has not shown any prejudice by his assistant's failure to supply the medical reports of Boyle's injuries. The existence or extent of those injuries was irrelevant to the issue of petitioner's guilt in striking Boyle. Finally, we agree with respondents that documentation of grievances filed against Boyle are irrelevant to petitioner's guilt in that he did not raise the defense of justification. Accordingly, none of the alleged inadequacies on the part of petitioner's assistant requires annulment of the administrative determination.

We also reject petitioner's contention that his right to call witnesses was impermissibly infringed upon by the Hearing Officer. "The hearing serves the limited purpose of permitting the inmate to produce whatever evidence he may have relating to his innocence" *(Matter of Laureano v Kuhlmann,* 75 NY2d 141, 146). This does not encompass a right to confront or cross-examine witnesses *(see, supra).* or to call witnesses whose testimony would be irrelevant or redundant. Our review of the record here amply discloses a sufficient basis for the Hearing Officer's determinations *(see, supra,* at 147). Furthermore, several of petitioner's claimed errors in this regard were not sufficiently articulated to the Hearing Officer at a time when they could have been corrected *(see, Matter of McClean v LeFevre,* 142 AD2d 911, 912). We conclude, therefore, that nothing in the Hearing Officer's actions requires annulment in this instance.

Finally, we have examined the remainder of petitioner's arguments and find them either equally without merit or unpreserved for our review.

Judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.