■ In the Matter of RUBEN WARREN, Respondent, v FRANK IRVIN, as Superintendent of Wende Correctional Facility, et al., Appellants.—Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Petitioner, an inmate at Wende Correctional

Facility, commenced separate CPLR article 78 proceedings seeking to annul two determinations that he violated various inmate rules during two separate incidents at the facility. Respondents appeal from a judgment granting both petitions.

The sole issue raised by petitioner on his administrative appeal from the determination concerning the first incident was that the charging officer failed to state the correct date of the incident on the misbehavior report. Since the other issues in the petition were not raised on his administrative appeal, petitioner failed to exhaust his administrative remedies and the court has no discretionary power to reach these issues (see, *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57; *Young Men's Christian Assn. v Rochester Pure Waters Dept.*, 37 NY2d 371, 375-376). Petitioner was not prejudiced by the fact that the wrong date was set forth on the report. He was aware of that fact at the time of the hearing, yet he did not seek an adjournment and his ability to present a defense was not impaired. Petitioner throughout the hearing took the position that he did not commit the alleged acts. Under the circumstances, the inadvertent insertion of the wrong date on the misbehavior report does not require annulment of the determination. The judgment is modified by dismissing the petition concerning the first incident.

Concerning the second incident, respondents concede that the determination that defendant possessed an altered item should be vacated because petitioner was denied his right to call a witness and was not given written reasons for the failure to call the witness (see, 7 NYCRR 254.5 [a]; *Matter of Laureano v Kuhlmann*, 75 NY2d 141, 145-146). Thus, we affirm that part of the judgment that granted the petition to the extent of vacating the finding that petitioner was guilty of possession of an altered item (Inmate Rule 113.11), and directing that such determination be expunged from his inmate records. With respect to the accompanying charge that petitioner refused to obey an order, the witness did not observe the event and it was evident that his testimony would have been irrelevant. Under the circumstances, petitioner was not denied his right to call witnesses in his defense, and Supreme Court erred in annulling that part of the determination (see, 7 NYCRR 254.5 [a]; *Matter of Irby v Kelly*, 161 AD2d 860; *Matter of Nieves v Coughlin*, 157 AD2d 943). Therefore, the judgment is further modified by dismissing that portion of the petition concerning the second incident alleging that petitioner refused to obey an order. (Appeal from Judgment of Supreme Court, Erie County, Flah-

erty, J.—Article 78.) Present—Boomer, J. P., Balio, Lawton, Fallon and Doerr, JJ.