■ In the Matter of RICHARD VASQUEZ et al., Petitioners, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services of the State of New York, Respondent. [598 NYS2d 105] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review three determinations of respondent which found petitioners guilty of violating certain prison disciplinary rules.

In this proceeding, petitioners seek review of three separate determinations which found them guilty of violating various State-wide rules based upon their actions during an inmate uprising on May 28-29, 1991 at Southport Correctional Facility in Chemung County. Petitioner Richard Vasquez was found guilty of violating a rule prohibiting rioting and petitioners Milton Pacheco and Joshua Page were found guilty of rules prohibiting rioting and being out of place. These deter-

minations were confirmed on administrative appeal. Petitioners commenced this proceeding to review these determinations, contending that they were not supported by substantial evidence and that various errors require expungement. Respondent subsequently modified its determination in Pacheco's case by annulling and expunging the finding of guilt as to the riot charge.

We affirm. Initially, we find that all three determinations were supported by substantial evidence. The misbehavior reports state that Vasquez had been placed in an exercise unit, that the exercise unit was subsequently found to be empty, Vasquez was seen during the uprising in the prison yard area, and that Pacheco and Page admitted to being in the yard area and were found on the second floor of the A-block building. Testimony was also taken from correction officers, including the authors of two of the reports. This testimony confirmed the statements in the reports, indicating that Vasquez was seen running free of restraints in the yard and toward an area in which hostages were being held during the uprising and that Pacheco and Page were found in the A-block building soon after the uprising began. In addition, the Hearing Officers in the Vasquez and Pacheco hearings attended a meeting with other Hearing Officers at which they jointly viewed videotapes and photographs of the incident. They found that, while they could not identify petitioners, all inmates appeared to be operating in furtherance of a common goal. This evidence, along with the admissions of petitioners that they had left their assigned areas and had entered the yard or the A-block building during the uprising, provide substantial evidence supporting the findings of guilt (see, Matter of Williams v Coughlin, 190 AD2d 883; Matter of Hillard v Coughlin, 187 AD2d 136).

We also find petitioners' other contentions to be without merit. The misbehavior report served upon Vasquez gave sufficient notice of the nature of the charges against him (see, Matter of Williams v Coughlin, supra; Matter of Vogelsang v Coombe, 105 AD2d 913, 914, affd 66 NY2d 835). Further, the failure of the Hearing Officers to record the meeting at which they viewed the videotapes of the incident or to disclose to petitioners other general background information reviewed at that time did not serve to deny petitioners due process (see, Matter of Williams v Coughlin, supra). Nor do we find any evidence of bias on the part of the Hearing Officers that requires annulment (see, supra; Matter of Nieves v Coughlin, 157 AD2d 943, 944).

Pacheco also contends that he was denied certain witnesses. This argument has been rendered moot as to three of the requested witnesses by respondent's administrative annulment and expungement of the finding of guilt as to the riot charge against Pacheco, given that at his hearing he requested these witnesses solely to defend himself against that charge (see, *Matter of Wong v Coughlin,* 182 AD2d 926; *Matter of Abreu v Mann,* 150 AD2d 887; *Matter of Gonzalez v Jones,* 115 AD2d 849). The other witness requested was the Superintendent of the Southport facility. The Hearing Officer failed to give a reason for denying this witness. While such an unexplained denial is error, it will not require annulment if the record discloses the basis for the denial (see, *Matter of Laureano v Kuhlmann,* 75 NY2d 141, 147). Pacheco requested this witness because the Superintendent had signed an unusual incident report regarding the uprising that referred to Pacheco. The only mention of Pacheco in the report is one line indicating that he assaulted staff and participated in the riot. Given that Pacheco was not charged with assault, the record indicates that the portion of the Superintendent's potential testimony not rendered moot by the expungement of the riot charge was irrelevant to the charge at issue, and we decline to annul the determination for failure to allow this witness (see, supra; *Matter of Warren v Irvin,* 184 AD2d 1059). Finally, we do not find that the penalties imposed were so harsh as to be shocking to one's sense of fairness (see, *Matter of Williams v Coughlin, supra*).

Weiss, P. J., Mikoll, Yesawich Jr., Crew III and Casey, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petition dismissed.