■ In the Matter of SCOTT JOHNSON, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services, Respondent. [598 NYS2d 1004] —Appeal from a judgment of the Supreme Court (Hughes, J.), entered October 29, 1991 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

After a Superintendent's hearing, petitioner was found guilty of smuggling and possession of a controlled substance. His administrative appeal was denied and he commenced this CPLR article 78 proceeding alleging that the Hearing Officer erred in refusing to call a witness he had requested. Petitioner claimed that the ruling violated the provisions of 7 NYCRR 254.5 and denied him his right to due process. Supreme Court dismissed the petition and this appeal followed.

We affirm. Initially, we agree with respondent that petitioner's failure to raise this issue on his administrative appeal precludes him from raising it in this proceeding (see, Matter of Bates v Coughlin, 145 AD2d 854, lv denied 74 NY2d 602; Matter of McClean v LeFevre, 142 AD2d 911). Even where an

issue has not been administratively raised, however, we have nevertheless considered issues of constitutional dimension in the interest of justice (cf., Matter of Bates v Coughlin, supra). Here, although petitioner claims that his due process rights were violated, we find no prejudice to petitioner that warrants a departure from the general rule requiring exhaustion of administrative remedies. Our review of the record discloses a sufficient basis for the Hearing Officer's determination that the requested testimony was irrelevant and would jeopardize institutional safety and correctional goals (see, 7 NYCRR 254.5 [a]; Matter of Irby v Kelly, 161 AD2d 860; Matter of Crowley v O'Keefe, 148 AD2d 816, appeal dismissed 74 NY2d 780, lv denied 74 NY2d 613). When petitioner made his request, he expressed only an interest in the witness's knowledge about the identity of an inmate who petitioner claimed must have informed on him. His present assertion that he sought the testimony to establish a defense of entrapment is belied by the record. Petitioner's remaining arguments have been considered and rejected as lacking in merit.

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.