■ In the Matter of CYRUS McCORKLE, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [599 NYS2d 664] —

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty after a Superintendent's hearing of violating rules prohibiting bribery or attempted bribery, solicitation of goods and smuggling. After affirmance on administrative appeal, petitioner initiated the instant proceeding contending that the determination is not supported by substantial evidence and that other procedural errors require annulment.

The misbehavior report filed by a nurse in the infirmary of the correctional facility stated that petitioner had approached her and asked for her home address, explaining that if she would agree to allow a package of cocaine to be sent to her house and bring the cocaine into the facility she could keep the $1,000 that would accompany the package. The nurse who authored the report testified and confirmed the report. We find that this report and the confirmatory testimony constitute substantial evidence of the charges against petitioner *(see, Matter of Bernacet v Coughlin,* 145 AD2d 802, *lv denied* 74 NY2d 603).

Petitioner also claims that his right to call witnesses was denied. In this regard, petitioner stated that the alleged incident had not occurred and the report was written because the nurse was angry at him for an earlier incident in which petitioner had told the nurse's supervisor that she was on duty when an inmate had been injured. Petitioner requested witnesses to confirm this testimony. The Hearing Officer denied the witnesses, but failed to give a written reason for the denial as required by the regulations of respondent Commissioner of Correctional Services. While the failure to provide a written reason for the denial was error, this does not require annulment where the record reveals the basis for the denial *(see, Matter of Laureano v Kuhlmann,* 75 NY2d 141, 147). The transcript of the hearing reveals that the nurse admitted that the conversation at issue had taken place. Thus, petitioner's witnesses would have been redundant and a proper basis for their denial appears in the record *(see, Matter of Irby v Kelly,* 161 AD2d 860; *see also, Matter of Warren v Irvin,* 184 AD2d 1059). Similarly, testimony by petitioner's employee assistant would have been irrelevant to the determination of the charges against petitioner.

To the extent that petitioner's contentions may be read to argue that he was given ineffective employee assistance in that certain witnesses were not interviewed, we find no prejudicial error requiring annulment given that we have determined that these witnesses would have been redundant *(see, Matter of Irby v Kelly,* 161 AD2d 860). Finally, we find no evidence of bias on the part of the Hearing Officer requiring annulment *(see, Matter of Nieves v Coughlin,* 157 AD2d 943, 944). We have considered petitioner's other contentions and find them to be without merit.

Weiss, P. J., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.