■ In the Matter of ANTHONY D. AMAKER, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of Department of Correctional Services, et al., Respondents. [604 NYS2d 854] — Judgment unanimously affirmed. Memorandum: The failure of the Hearing Officer to call certain witnesses on petitioner's behalf did not deprive petitioner of due process (see, Matter of Laureano v Kuhlmann, 75 NY2d 141, 146-147; see also, 7 NYCRR 254.5 [a]). The right of petitioner "to produce whatever evidence he may have relating to his innocence" (Matter of Laureano v Kuhlmann, supra, at 146) does not encompass the right to call witnesses whose testimony would be irrelevant or redundant (see, Matter of Irby v Kelly, 161 AD2d 860, 861; see also, Matter of Herrera v Coughlin, 171 AD2d 1081; Matter of White v Scully, 156 AD2d 942; Matter of Bates v Coughlin, 145 AD2d 854, lv denied 74 NY2d 602).

We reject petitioner's contention that the Hearing Officer was biased and improperly acted as "prosecutor" at the Tier III hearing. The record establishes that the hearing was conducted in a fair and impartial manner.

Further, the record shows that the contents of the misbehavior report were corroborated by the testimony of the correction officer who authored the report (see, People ex rel. Vega v Smith, 66 NY2d 130). We have considered petitioner's remaining contention and we find it to be lacking in merit. (Appeal from Judgment of Supreme Court, Cayuga County, Contiguglia, J.—Article 78.) Present—Green, J. P., Pine, Fallon, Doerr and Davis, JJ.