■ In the Matter of JOHN GIAKOUMELOS, Petitioner, v THOMAS COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent. [604 NYS2d 298] —Weiss, P. J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty after a tier III hearing on charges of violating rules 108.10 (7 NYCRR 270.2 [B] [9] [i] [conspiracy to escape]) and 107.20 (7 NYCRR 270.2 [B] [7] [iii] [false statements or information]). A penalty of three years in the special housing unit and loss of privileges was imposed and the disposition was affirmed on administrative review. The misbehavior report charged that contraband had been found in inmate Paul Garrett's body cavity and that a bar in his cell had been sawed through. Two handwritten notes allegedly written by petitioner were seized in Garrett's cell. Petitioner denied writing the notes and denied any knowledge of Garrett's escape attempt.

Petitioner, who had been permitted to call eight witnesses, contends that the Hearing Officer's refusal to call three additional persons as witnesses and to obtain the misbehavior report of Garrett were violations of his constitutional and regulatory rights. Although he initially sought the appearance of Correction Officer Bardin, the record shows that at the conclusion of the hearing petitioner indicated that he no longer wished to call Bardin and signed a waiver form. The record further shows that the Hearing Officer fully explained the reasons for the refusal to call Deputy Superintendent Taylor, who was on sick leave at the time, and the handwriting expert Dwight Howes, who petitioner had not previously

requested. Taylor had no knowledge of the acts with which petitioner was charged, and two pages of Howes' written report on his analysis of petitioner's handwriting was provided. Taylor's testimony would not have been relevant and Howes' report was fully explained. Thus, the record discloses the basis for the determinations and shows that they were justified. This fully satisfied the regulation (see, 7 NYCRR 254.5 [a]) and the Constitution imposes no heavier burden (see, *Matter of Laureano v Kuhlmann,* 75 NY2d 141, 147-148; *Matter of McCorkle v Coughlin,* 194 AD2d 1034; *Matter of Johnson v Coughlin,* 193 AD2d 1029; *Matter of Vasquez v Coughlin,* 193 AD2d 1000).

We further find that the Hearing Officer's refusal to give petitioner a copy of the misbehavior report on Garrett was, at most, harmless error (see, *Matter of Ruiz v Coughlin,* 184 AD2d 818, 819), particularly where the testimony of Garrett provided the full contents of the report and he specifically denied the possession of any notes written by petitioner.

Mikoll, Yesawich Jr., Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.