■ In the Matter of JONATHAN BRYANT, Petitioner, v LOUIS F. MANN, as Superintendent of Shawangunk Correctional Facility, et al., Respondents. [605 NYS2d 146] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which directed that petitioner be placed in administrative segregation.

Following an investigation of an alleged extortion operation at the Shawangunk Correctional Facility in Ulster County, petitioner, an inmate at the facility, was placed in the special housing unit (hereinafter SHU). Four days later, a formal administrative segregation recommendation was delivered to petitioner and the next day he was interviewed about the matter by a prison official. Petitioner was provided with an employee assistant, who interviewed some but not all of the witnesses requested by petitioner and obtained some of the documents requested by petitioner. After a hearing, it was determined that administrative segregation was appropriate. Petitioner's administrative appeal was denied and he then commenced this proceeding.

Petitioner first contends that the determination must be annulled because he was not interviewed and given an opportunity to respond within 72 hours of his SHU confinement. Petitioner was confined in SHU pursuant to 7 NYCRR 251-1.6 (a), which contains no 72-hour time limit. In the absence of a statutory or regulatory requirement, the statement contained on the printed form delivered to petitioner that he would be interviewed within 72 hours of his administrative segregation admission should not, in our view, be considered as mandatory so long as petitioner's due process rights were not infringed. At most, due process requires a limited opportunity to respond to the charge within a reasonable time (Hewitt v Helms, 459 US 460, 466, 469) and five days is reasonable (see, supra, at 477). The hearing was held within the required time limit (see, 7 NYCRR 301.4 [a]).

We also reject petitioner's contention that he was improperly denied the right to call witnesses at the hearing. Nine of the witnesses requested by petitioner testified and the Hearing Officer determined that the testimony of the additional witnesses requested by petitioner would be redundant (see, 7 NYCRR 301.4 [a]; 254.5 [a]). The record reveals a sufficient basis for that ruling (see, Matter of Irby v Kelly, 161 AD2d 860). Nor do we find any merit in petitioner's claim of ineffec-

tive employee assistance. Petitioner was not prejudiced by the assistant's decision to limit the number of inmates he would interview, particularly in view of the subsequent redundancy ruling by the Hearing Officer (see, Matter of Smith v Coughlin, 161 AD2d 1082). Nor was he prejudiced by the assistant's failure to provide him with certain of the documents he had requested, for it appears that petitioner received all of the requested documents in existence, except those which were not disclosed for valid security reasons.

Petitioner next contends that he was improperly deprived of his right to be present at the hearing. The record, however, establishes that during the course of the hearing petitioner's behavior became antagonistic and obstructive, which justified the Hearing Officer's decision to exclude petitioner from the remainder of the hearing (see, Matter of Hop Wah v Coughlin, 162 AD2d 879, 880). Petitioner's claim of bias is meritless (see, Matter of Nieves v Coughlin, 157 AD2d 943), as are the remainder of his arguments. The determination should be confirmed.

Weiss, P. J., Mikoll, Yesawich Jr. and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.