(February 15, 1996)

■ In the Matter of NEAL GIRALDI, Petitioner, v DANIEL SENKOWSKI, as Superintendent of Clinton Correctional Facility, et

---

* The testimony of the notary public firmly established that there had been substantial statutory compliance.

al., Respondents. [638 NYS2d 189] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Superintendent of Clinton Correctional Facility finding petitioner guilty of violating a prison disciplinary rule.

After a frisk search revealed that petitioner, an inmate at Clinton Correctional Facility in Clinton County, had something concealed in his underwear, a strip frisk produced several containers and several cylindrical, smoking-paper wrapped objects containing a green leafy substance. The correction officer conducting the search confiscated the suspected contraband, retaining possession thereof until a short time later it was tested in his presence and identified as marihuana. Petitioner commenced this CPLR article 78 proceeding challenging the determination finding him guilty of possessing marihuana. Contrary to petitioner's contention, the chain of custody was firmly established by the testimony of the seizing correction officer and the fact that other correction officers examined the contraband while it was in the possession and control of the original correction officer does not create a broken link in the chain of custody. The circumstances here provide reasonable assurances of the identity and unchanged nature of the contraband from its seizure to its testing (see, *People v Julian*, 41 NY2d 340, 343). Similarly, strong evidence reveals that proper chemical testing identified the material as marihuana.

We find no merit to petitioner's remaining contentions. The Hearing Officer properly denied petitioner's request that the individual who trained the correction officer who preformed the testing be called as a witness. The record reveals that the officer had been trained and had followed the written test procedures. The requested witness and training records would have been redundant on what must be classified as a collateral issue (see, *Matter of Giakoumelos v Coughlin*, 198 AD2d 744; *Matter of Sanchez v Irvin*, 186 AD2d 996, *lv denied* 81 NY2d 702). Substantial evidence in the record clearly establishes that the concealed substance seized from petitioner's possession was marihuana.

Mercure, J. P., Crew III and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.