■ In the Matter of CARMEN RUSSO, Appellant, v JAMES A. FITZGERALD, as Appeals Officer, New York State Police, Respondent. [687 NYS2d 816] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Keegan, J.), entered March 3, 1998 in Albany County, which partially denied petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for an enhanced set of photographic exhibits.

Petitioner was convicted of murder in the second degree as a result of a jury's determination that he stabbed his wife to death. He is presently serving a sentence of imprisonment. Pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]), petitioner requested that the State Police provide him with duplicates of photographs that had been taken at the crime scene. Respondent ultimately partially complied with the request, and petitioner thereafter brought this CPLR article 78 proceeding to challenge respondent's refusal to provide him with all of the photographs in respondent's possession and to contest the claimed inferior quality of the photographic prints that were provided. Supreme Court granted the petition to the extent of ordering that petitioner be provided with additional photographs. However, following its in camera comparison of the prints that had been provided to petitioner with copies produced from the negatives in respondent's possession, Supreme Court determined that respondent was under no obligation to enhance or reprocess the prints. Petitioner appeals, primarily contending that his FOIL request entitles him to duplicate photographs that are superior in quality to those that were provided to him. We disagree, and accordingly affirm.

In defense of the proceeding, respondent presented evidence that the photographs provided to petitioner were developed in accordance with the usual development procedures and techniques employed by the State Police. Moreover, our review of the photographs confirms Supreme Court's conclusion that the prints provided to petitioner accurately represent the scenes portrayed in the negatives maintained by respondent. Accordingly, we conclude that respondent satisfied his obligations under FOIL and was not required to provide additional enhanced duplicates of photographs previously provided to petitioner (see, Matter of Walsh v Wasser, 225 AD2d 911, 912).

Petitioner's assertion that FOIL entitles him to view a set of 16 State Police photographs and choose the 11 he wishes to receive has not been preserved for our consideration (*see, Matter of Johnson v Coughlin*, 193 AD2d 1029). Petitioner's additional contentions have been considered and found to be lacking in merit.

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.