■ In the Matter of WILLIE C. ELLIOTT, Petitioner, v SALLY B. JOHNSON, as Superintendent of Orleans Correctional Facility, et al., Respondents. [715 NYS2d 170] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent Superintendent for further proceedings in accordance with the following Memorandum: Substantial evidence supports the determination that petitioner violated inmate rule 107.11 (7 NYCRR 270.2 [B] [8] [ii]) by writing a letter communicating messages of a personal nature to a facility employee. Petitioner's explanation that the letter was intended for another person raised an issue of credibility for the Hearing Officer to resolve (*see, Matter of Allen v Goord,* 252 AD2d 973, 973-974). Further, petitioner was not prejudiced by the fact that the misbehavior report indicated an incorrect incident date (*see, Matter of Warren v Irvin,* 184 AD2d 1059, 1060).

Respondents concede that the determination that petitioner violated rule 180.11 (7 NYCRR 270.2 [B] [26] [ii]) is not supported by substantial evidence. We therefore modify the determination and grant the petition in part by annulling the determination that petitioner violated inmate rule 180.11. The penalty of 60 days' keeplock and 90 days' loss of privileges has

already been served and thus there is no need to remit the matter for reconsideration of the penalty imposed (*see, Matter of Spaight v Goord,* 258 AD2d 935, 936, *lv denied* 93 NY2d 807). There was also a recommended loss of good time, however, and the record does not disclose any relation between the violations and that recommendation. We therefore further modify the determination by vacating that recommendation and remit the matter to respondent Superintendent for reconsideration of the recommended loss of good time (*see, Matter of Brooks v Coughlin,* 182 AD2d 1115, 1116). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Orleans County, Punch, J.) Present—Green, J. P., Pine, Hurlbutt, Kehoe and Lawton, JJ.