■ In the Matter of MARK ANDERSON, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of

Correctional Services, Respondent. [720 NYS2d 440] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: The misbehavior report, the testimony of its author and documentary evidence presented at the hearing constitute substantial evidence supporting the determination that petitioner violated inmate rules 104.13 (7 NYCRR 270.2 [B] [5] [iv]), 106.10 (7 NYCRR 270.2 [B] [7] [i]) and 107.10 (7 NYCRR 270.2 [B] [8] [i]) (see, People ex rel. Vega v Smith, 66 NY2d 130, 139). Respondent concedes, however, that the determination that petitioner violated inmate rule 102.10 (7 NYCRR 270.2 [B] [3] [i]) is not supported by substantial evidence. We therefore modify the determination and grant the petition in part by annulling the determination that petitioner violated inmate rule 102.10. Although the penalty of 180 days in the Special Housing Unit and 180 days' loss of privileges has already been served and thus there is no need to remit the matter to respondent for reconsideration of that penalty (cf., Matter of Spaight v Goord, 258 AD2d 935, 936, lv denied 93 NY2d 807), there was also a recommended loss of good time, and the record does not disclose any relation between the violations and that recommendation. We therefore further modify the determination by vacating that recommendation, and we remit the matter to respondent for reconsideration of the recommended loss of good time (see, Matter of Elliott v Johnson, 275 AD2d 900, 901).

Petitioner failed to exhaust his administrative remedies with respect to his remaining contentions by failing to raise them in his administrative appeal (see, Matter of Fereira v Coombe, 239 AD2d 905). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Whelan, J.) Present—Green, J. P., Wisner, Scudder, Burns and Lawton, JJ.