■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MINDY MELENDEZ, Appellant. [768 NYS2d 885]—Appeal from a judgment of Oneida County Court (Dwyer, J.), entered February 22, 2001, convicting defendant upon her plea of guilty of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed (*see People v Hidalgo*, 91 NY2d 733, 737 [1998]). Present—Pigott, Jr., P.J., Pine, Wisner, Hurlbutt and Gorski, JJ.

■ In the Matter of BRUCE BARTO, Petitioner, v JAMES L. BERBARY, as Superintendent of Collins Correctional Facility, et al., Respondents. [769 NYS2d 414]—CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Erie County (Pietruszka, J.), entered December 13, 2002, to review a determination of respondents after a Tier II hearing.

It is hereby ordered that the determination be and the same hereby is unanimously modified on the law by granting the petition in part and annulling that part of the determination finding that petitioner violated inmate rule 113.23 (7 NYCRR 270.2 [B] [14] [xiv]) and as modified the determination is confirmed without costs, and respondents are directed to expunge from petitioner's institutional record all references thereto.

Memorandum: As respondents correctly concede, the determination finding that petitioner violated inmate rule 113.23 (7 NYCRR 270.2 [B] [14] [xiv]) is not supported by substantial evidence. However, the plea of guilty by petitioner to violating inmate rule 113.14 (7 NYCRR 270.2 [B] [14] [v]) precludes his present challenge to the sufficiency of the evidence supporting that charge (*see Matter of Fuller v Goord*, 299 AD2d 849 [2002], *lv dismissed* 100 NY2d 531 [2003]). We therefore modify the determination by granting the petition in part and annulling that part of the determination finding that petitioner violated inmate rule 113.23, and we direct respondents to expunge from petitioner's institutional record all references thereto. Because the penalty has been served, there is no need to remit the matter to respondents for reconsideration of the penalty imposed (*see Matter of Maybanks v Goord*, 306 AD2d 839 [2003]). Finally, petitioner failed to exhaust his administrative remedies with respect to his contention that he was improperly confined to the special housing unit prior to the issuance of the misbehavior report (*see Matter of Johnson v Ricks*, 278 AD2d 559 [2000], *lv denied* 96 NY2d 710 [2001]). Present—Green, J.P., Scudder, Gorski, Lawton and Hayes, JJ.