■ In the Matter of THOMAS CROSS, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [770 NYS2d 245]—CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Erie County (Marshall, J.), entered April 30, 2003, seeking to annul a determination of respondent after a Tier III hearing.

It is hereby ordered that the determination be and the same hereby is unanimously modified on the law by granting the petition in part, annulling those parts of the determination finding that petitioner violated inmate rules 113.20 (7 NYCRR 270.2 [B] [14] [xi]), 113.23 (7 NYCRR 270.2 [B] [14] [xiv]) and 116.13 (7 NYCRR 270.2 [B] [17] [iv]) and vacating the recommended loss of good time and as modified the determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references thereto and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a Tier III hearing, that he violated several inmate rules as alleged in two misbehavior reports. Respondent concedes that the determination finding that petitioner violated inmate rules 113.20 (7 NYCRR 270.2 [B] [14] [xi]), 113.23 (7 NYCRR 270.2 [B] [14] [xiv]) and 116.13 (7 NYCRR 270.2 [B] [17] [iv]), as alleged in the second misbehavior report, is not

supported by substantial evidence. However, petitioner pleaded guilty to the remaining rule violations alleged in the second misbehavior report, i.e., rules 113.22 (7 NYCRR 270.2 [B] [14] [xiii]) and 116.11 (7 NYCRR 270.2 [B] [17] [ii]), and thus his present challenge to those parts of the determination finding that he violated those rules is precluded (*see Matter of Barto v Berbary*, 2 AD3d 1328 [2003]; *Matter of Fuller v Goord*, 299 AD2d 849 [2002], *lv denied* 100 NY2d 531 [2003]). Further, petitioner fails to challenge in his brief the sufficiency of the evidence supporting those parts of the determination finding that he violated the rules alleged in the first misbehavior report, and he has thus abandoned any such challenge (*see Matter of Snider v Goord*, 252 AD2d 988 [1998]). We therefore modify the determination by granting the petition in part and annulling those parts of the determination finding that petitioner violated inmate rules 113.20, 113.23 and 116.13, and we direct respondent to expunge from petitioner's institutional record all references thereto. Although the penalty of 365 days in the special housing unit and 365 days' loss of privileges has already been served, and thus there is no need to remit the matter to respondent for reconsideration of that penalty, there was also a recommended loss of good time and the record does not disclose any relation between the violations and that recommendation. We therefore further modify the determination by vacating that recommendation, and we remit the matter to respondent for reconsideration of the recommended loss of good time (*see Matter of Anderson v Goord*, 280 AD2d 904, 905 [2001]). Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.