■ In the Matter of VICTOR GILCHRIST, Respondent, v THOMAS POOLE, as Superintendent of Five Points Correctional Facility, et al., Appellants. [771 NYS2d 451]—

Appeal from a judgment of the Supreme Court, Seneca County (Dennis F. Bender, A.J.), entered March 13, 2003 in a proceeding pursuant to CPLR article 78. The judgment granted the petition to annul the determination finding that petitioner had violated an inmate rule.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: We agree with respondents that Supreme Court erred in granting the CPLR article 78 petition seeking to annul the determination finding petitioner guilty of violating inmate rule 113.24 (7 NYCRR 270.2 [B] [14] [xv] [use of a controlled substance]). The court erred in relying on 7 NYCRR 254.5 (b) in concluding that petitioner's due process rights were violated when the Hearing Officer interviewed a prospective witness off the record and in petitioner's absence to determine whether the prospective witness would offer relevant testimony. That section concerns witnesses who are called to testify at a hearing and, here, the Hearing Officer was merely making a preliminary determination whether the testimony of the prospective witnesses was relevant. In addition, the failure of the Hearing Officer to provide a written statement setting forth the reasons for his refusal to permit the prospective witness to testify does not constitute reversible error because the record discloses that the prospective witness would not have offered relevant testimony (*see Matter of Laureano v Kuhlmann*, 75 NY2d 141, 147 [1990]). Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Kehoe, JJ.