# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

901

TP 11-00551

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, GREEN, AND GORSKI, JJ.

---

IN THE MATTER OF FREDERICK MONROE, PETITIONER,

V                                          MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (SUSAN K. JONES OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Wyoming County [Mark H.
Dadd, A.J.], entered March 11, 2011) to review a determination of
respondent. The determination found after a Tier III hearing that
petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is
unanimously modified on the law and the petition is granted in part by
annulling those parts of the determination finding that petitioner
violated inmate rules 101.22 (7 NYCRR 270.2 [B] [2] [v]) and 107.10 (7
NYCRR 270.2 [B] [8] [i]) and vacating the recommended loss of good
time and as modified the determination is confirmed without costs,
respondent is directed to expunge from petitioner's institutional
record all references to the violation of those rules, and the matter
is remitted to respondent for further proceedings in accordance with
the following Memorandum: Petitioner commenced this CPLR article 78
proceeding seeking to annul the determination, following a Tier III
hearing, that he violated inmate rules 101.22 (7 NYCRR 270.2 [B] [2]
[v] [stalking]), 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference with
an employee]), and 107.11 (7 NYCRR 270.2 [B] [8] [ii] [harassment]).
As respondent correctly concedes, the determination with respect to
inmate rules 101.22 and 107.10 is not supported by substantial
evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130,
139). We conclude, however, that there is substantial evidence to
support the determination with respect to inmate rule 107.11. The
misbehavior report, together with the hearing testimony of a nurse,
constituted substantial evidence that petitioner violated that inmate
rule by "communicating messages of a personal nature to an employee"
(7 NYCRR 270.2 [B] [8] [ii]; *see Matter of Foster v Coughlin*, 76 NY2d
964, 966; *Vega*, 66 NY2d at 139). We therefore modify the

determination and grant the petition in part by annulling those parts of the determination finding that petitioner violated inmate rules 101.22 and 107.10, and we direct respondent to expunge from petitioner's institutional record all references to the violation of those rules.  Although there is no need to remit the matter to respondent for reconsideration of those parts of the penalty already served by petitioner, we note that there was also a recommended loss of good time, and the record does not reflect the relationship between the violations and that recommendation.  We therefore further modify the determination by vacating the recommended loss of good time, and we remit the matter to respondent for reconsideration of that recommendation (*see Matter of Cross v Goord*, 2 AD3d 1425).

Entered:  September 30, 2011                    Patricia L. Morgan
                                                Clerk of the Court