# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

TP 16-00249

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

IN THE MATTER OF NATHAN BROWN, PETITIONER,

V                                                          MEMORANDUM AND ORDER

ALBERT PRACK, DIRECTOR OF SPECIAL HOUSING,
R. CALIDONNA, DEPUTY SUPERINTENDENT
ADMINISTRATION, AND MOHAWK CORRECTIONAL
FACILITY, RESPONDENTS.

---

NATHAN BROWN, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF
COUNSEL), FOR RESPONDENTS.

---------------------------------------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Oneida County [Norman I.
Siegel, J.], entered July 2, 2015) to review a determination of
respondents.  The determination found after a tier III hearing that
petitioner had violated various inmate rules.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum:  Petitioner commenced this proceeding seeking to
annul a determination finding him guilty, following a tier III
hearing, of violating various inmate rules, and imposing a penalty.
At the outset, we note that, " '[b]ecause the petition did not raise a
substantial evidence issue, Supreme Court erred in transferring the
proceeding to this Court' " (*Matter of Wearen v Deputy Supt. Bish*, 2
AD3d 1361, 1362).  In the interest of judicial economy, we
nevertheless address petitioner's contention that he was denied his
right to contact his attorney (*see id.*).  Nothing in the record
indicates that petitioner sought to contact his attorney prior to the
hearing (*cf. Matter of Jeckel v New York State Dept. of Corr.*, 111
AD3d 1180, 1181).  Rather, the record establishes that petitioner
asked to consult with his attorney after the tier III hearing
commenced, and it is well established that an inmate does not have a
right to counsel at that hearing (*see Wolff v McDonnell*, 418 US 539,
570; *Matter of Laureano v Kuhlmann*, 75 NY2d 141, 146).  We therefore
confirm the determination and dismiss the petition.

Entered:  February 3, 2017                           Frances E. Cafarell
                                                     Clerk of the Court