Matter of Reclaim the Records v City of New York (2023 NY Slip Op 01267)

Matter of Reclaim the Records v City of New York

2023 NY Slip Op 01267

Decided on March 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2023

Before: Kapnick, J.P., Kern, Gesmer, Singh, Moulton, JJ. 

Index No. 150917/21 Appeal No. 17516 Case No. 2021-03493 

[*1]In the Matter of Reclaim the Records et al., Petitioners-Appellants-Cross-Respondents,
v
The City of New York et al., Respondents-Respondents-Cross-Appellants.

Beldock Levine & Hoffman LLP, New York (David B. Rankin of counsel), for appellants-respondents.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondents-appellants.

Judgment (denominated an order), Supreme Court, New York County (Frank P. Nervo, J.), entered on or about July 21, 2021, granting the petition brought pursuant to CPLR article 78 to compel respondents to produce uncompressed, high-definition, large-sized, nonwatermarked digital images of the Kings County "Old Town" records pursuant to the Freedom of Information Law (FOIL), denying respondents' cross motion to dismiss the petition, and denying petitioners' request for attorneys' fees, unanimously modified, on the law, to deny the petition and grant the cross motion to dismiss, and otherwise affirmed, without costs.
As an initial matter, the parties do not dispute that the court erred in granting the petition on grounds of res judicata and collateral estoppel. Indeed, petitioners' claim that they were denied access to the digital files of the Old Town records could not have been raised in the prior proceeding, as the records had not yet been digitized at the time (see Matter of Hunter, 4 NY3d 260, 269 [2005]), and the prior issue of whether the microfilm rolls kept in the Municipal Archives were available for inspection and copying is not identical to the issue raised here: whether the availability of the newly digitized records on respondent Department of Records and Information Services's (DORIS) website satisfies respondents' obligations under FOIL (see Ryan v New York Tel. Co., 62 NY2d 494, 500-501 [1984]).
Rather, the petition should have been dismissed because, contrary to petitioners' contention, respondents did not deny petitioners access to the requested records. Respondents met their obligations under FOIL by providing petitioners with digitized copies of the records via a hard drive and by Dropbox link (see Public Officers Law § 87[5][a]; Matter of Data Tree, LLC v Romaine, 9 NY3d 454, 464-465 [2007]). The provision of low-resolution images bearing watermarks does not amount to a denial of access (see Matter of Russo v Fitzgerald, 260 AD2d 738, 738 [3d Dept 1999], lv denied 93 NY2d 813 [1999]; Matter of Adams v Hirsch, 182 AD2d 583, 583 [1st Dept 1992]). In any event, respondents made high-resolution copies of the records publicly available through a link on DORIS's website, which fully satisfied their obligations (see Matter of Sell v New York City Dept. of Educ., 2014 NY Slip Op 31340[U] [Sup Ct, NY County 2014], mod on other grounds 135 AD3d 594 [1st Dept 2016]; see also Comm on Open Govt FOIL-AO-16470 [2007] ["making records available on line via the internet . . . effectively exceeds any requirement imposed by the Freedom of Information Law"]).
Because petitioners have not substantially prevailed in this proceeding, they are not entitled to attorneys' fees (see Public Officers Law § 89[4][c]). Petitioners' remaining arguments concerning attorneys' fees are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2023