■ In the Matter of JAMES CRUDO, Appellant, v WALTER FOGG, as Superintendent of the Green Haven Correctional Facility, Respondent.—In a proceeding pursuant to CPLR article 78 to review respondent's determination, dated July 28, 1976, which, *inter alia,* directed that petitioner lose 60 days of "Good Time", petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated January 11, 1977, which dismissed the petition. Judgment reversed, on the law, without costs or disbursements, and petition granted to the extent that the determination is annulled and the matter is remitted to the respondent for a *de novo* hearing and determination. Under the totality of the circumstances, we conclude that "the minimum requirements of procedural due process appropriate for the circumstances" *(Wolff v McDonnell,* 418 US 539, 558) were not observed in the disciplinary proceeding wherein the petitioner, *inter alia,* suffered the loss of 60 days of good behavior allowance. We particularly note the following: (1) although respondent conducted a tape-recorded hearing, at which petitioner appeared without counsel, and although CPLR 7804 (subd [e]) requires that "The body or officer shall file with the answer a certified transcript of the record of the proceedings", respondent did not file any transcript with its answer which instead stated that respondent would "submit a copy of the disciplinary proceedings at the time of the hearing"; (2) at the time of the argument before Special Term (there was no testimonial hearing), the respondent still did not furnish such transcript notwithstanding the statement of petitioner's counsel that "There are no minutes of any superintendent's hearing that I've seen"; (3) petitioner was thereby deprived of the opportunity to ascertain whether, or to argue that, respondent's determination was not based upon substantial evidence (see CPLR 7803, subd 4); (4) respondent has not denied petitioner's counsel's assertion (made in a postjudgment motion to this court) that he had been unable to obtain a clear transcript of the tape recording of the hearing due to the background noises; and (5) the record does not definitively show that all of the requirements of 7 NYCRR Parts 252 and 253 were fully complied with. Suozzi, J. P., Lazer, Rabin and Cohalan, JJ., concur.