■ In the Matter of GREGORY DUPREE, Appellant, v CHARLES SCULLY, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination in a superintendent's proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Rosenblatt, J.), dated October 20, 1982, which dismissed the petition. ¶ Judgment reversed, without costs or disbursements, and matter remitted to the Supreme Court, Dutchess County, for

further proceedings consistent herewith. ¶ Petitioner was formally charged with various violations of the rules and regulations of the New York State Department of Correctional Services committed while he was an inmate at Coxsackie Correctional Facility. A superintendent's proceeding was concluded on June 9, 1982. The determination of Deputy Superintendent Nevins, made after the hearing, recites the evidence he relied upon, including taped interviews with four inmates the petitioner chose to call as witnesses. The petitioner was found guilty of seven charges and punished, *inter alia,* by 360 days in the special housing unit and loss of 360 days good behavior allowance, commissary and package privileges. ¶ Petitioner brought this proceeding to review that determination. Respondent failed to submit with his answer a transcript of the proceedings at the hearing and the other evidence adduced thereat, as required by CPLR 7804 (subd [e]; see, also, 7 NYCRR 254.6 [b]). ¶ Special Term erred in passing on the merits of the petition upon an incomplete record. Upon remittal, Special Term shall determine if the evidence adduced at the superintendent's proceeding, including the transcripts of the statements of the four inmate witnesses, is extant, and if it is, shall require respondent to file the same before rendering judgment. If it is not, the determination should be annulled and the matter remitted to the respondent for a new hearing (cf. *Matter of Crudo v Fogg,* 69 AD2d 902; 24 Carmody-Wait 2d, NY Prac, §§ 145:346-145:347). Titone, J. P., Lazer, Mangano and Boyers, JJ., concur.