■ In the Matter of JOHN JACOB, Appellant, v C. R. WINCH, as Deputy Superintendent of Green Haven Correctional Facility, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination made after a Superintendent's proceeding finding the petitioner guilty of certain misconduct and imposing disciplinary sanctions against him, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Donovan, J.), dated April 12, 1985, which dismissed the petition.

Judgment reversed, on the law, without costs or disbursements, and matter remitted to the Supreme Court, Dutchess County, for further proceedings consistent herewith.

The petitioner was formally charged with various violations of the rules and regulations of the New York State Department of Correctional Services, allegedly committed while he was an inmate at the Green Haven Correctional Facility. In a report and decision dated February 20, 1985, the hearing officer stated that the petitioner had "refused to attend" the hearing and found him guilty of the violations.

On February 28, 1985, the respondent C. R. Winch, the First Deputy Superintendent of the correctional facility, affirmed that determination, noting that the hearing appeared to have been properly conducted, and that the determination was supported by sufficient evidence.

The petitioner commenced the instant proceeding in March 1985. The respondent Winch moved to dismiss the proceeding without submitting an answer, but failed to annex the minutes of the February 20, 1985 hearing. In fact, it appears that no such minutes exist. At Special Term, the petitioner testified without contradiction that he had neither refused nor waived his right to attend the disciplinary hearing.

The regulations of the Department of Correctional Services require that all Superintendent's hearings be electronically recorded (see, 7 NYCRR 254.6 [b]). The respondent failed to submit a transcript of the proceedings of the hearing in question. Therefore, Special Term erred in passing upon the

merits of the petition on an incomplete record *(see,* CPLR 7804 [e]; *Matter of Dupree v Scully,* 100 AD2d 966, 967). Upon remittance, the Supreme Court shall determine if such a transcript is extant, and if it is, the court shall require the respondent to file same before rendering judgment. If it is not, the determination should be annulled and the matter remitted to the respondent for a new hearing *(see, Matter of Dupree v Scully, supra; Matter of Crudo v Fogg,* 69 AD2d 902). Lazer, J. P., Bracken, Brown, Lawrence and Kooper, JJ., concur.