■ In the Matter of REGINALD PETTY, Appellant, v JAMES SULLIVAN et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Sing Sing Correctional Facility, dated September 4, 1985, made after a Superintendent's proceeding, finding the petitioner guilty of certain charges of misconduct and imposing disciplinary sanctions against him, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Wood, J.), entered June 11, 1986, which dismissed his petition.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The petitioner was formally charged with various violations of the rules and regulations of the New York State Department of Correctional Services, allegedly committed while he was an inmate at Sing Sing Correctional Facility. By a decision dated September 4, 1985, the Hearing Officer found the petitioner guilty of three charges of misconduct and imposed a punishment of 180 days in the special housing unit—60 days served and 120 days suspended.

The petitioner commenced the instant proceeding on March 18, 1986, to review that determination. The respondents filed an answer but failed to annex the minutes of the disciplinary hearing conducted on August 23, 1985 and September 4, 1985.

The court determined that the misbehavior report furnished to the petitioner and the statements of the complaining officer were sufficient evidence to find the petitioner guilty of the charges of attempted assault, refusing a direct order, and leading a disturbance. Thus, the application was denied and the petition dismissed. We reverse and remit the matter to the Supreme Court, Westchester County, for further proceedings.

The regulations of the Department of Correctional Services mandate that all Superintendent's hearings be electronically recorded (see, 7 NYCRR 254.6 [b]). CPLR 7804 (e) requires that a certified transcript of the hearing be filed with the respondents' answer or separately with the clerk of the court. This court has consistently held that it is error to pass on a question based upon such an incomplete record (see, CPLR 7804 [e]; Matter of Jacob v Winch, 121 AD2d 446; Matter of Dupree v Scully, 100 AD2d 966, 967). Absent compliance with the statute, we refuse to consider the transcript submitted by the respondents for the first time in their brief on appeal.

Upon remittal, the Supreme Court shall require the respondents to file a copy of the transcript prior to rendering a judgment. If it is not filed, the determination should be annulled and the matter remitted to the respondents for a new hearing (see, Matter of Jacob v Winch, supra, at 447).

We have considered the petitioner's other contentions and find them to be without merit. Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.