In the Matter of CARLOS RIVERA, Appellant, v BERDELLA SMITH, as Inmate Records Coordinator of Eastern Correctional Facility, et al., Respondents.

Third Department, June 2, 1988

### APPEARANCES OF COUNSEL

*Carlos Rivera,* appellant *pro se.*

*Robert Abrams, Attorney-General (Joseph Koczaja* and *Wayne L. Benjamin* of counsel), for respondents.

### OPINION OF THE COURT

HARVEY, J.

Petitioner, while an inmate at Eastern Correctional Facility in Ulster County, was found guilty after a Superintendent's hearing of violating an institutional rule prohibiting fighting. He received a penalty of one year in the special housing unit (hereinafter SHU). Petitioner proceeded with an administrative appeal *(see,* 7 NYCRR 254.8). Petitioner requested a copy of the tape of the hearing. Although a copy was made, petitioner was denied access to the tape since 7 NYCRR 301.3, which restricts the items of personal property an inmate may have while in SHU, does not include tapes or audio equipment. Petitioner's request that the tape be released to an inmate who was assisting him in his appeal was also denied. Petitioner subsequently commenced this CPLR article 78 proceeding challenging the refusal by prison officials to allow him access to a recording or transcript of the hearing for purposes of pursuing his administrative appeal while he was in SHU. The petition was dismissed by Supreme Court and this appeal followed.

Respondents argue that the appeal should be dismissed as moot since petitioner has served his confinement in SHU. An exception to the mootness doctrine exists when the particular issue is likely to recur, typically evades review and is a substantial and novel issue *(see, Matter of David C.,* 69 NY2d 796, 798; *Matter of Hearst Corp. v Clyne,* 50 NY2d 707, 713-715; *New York Pub. Interest Research Group v Regan,* 91

AD2d 774, *lv denied* 58 NY2d 610). Given the numerous inmate disciplinary proceedings which occur and the fact that many result in administrative appeals, the issue is likely to recur. An inmate's period of confinement to SHU will generally be shorter than the period of time in which judicial proceedings can be commenced, a judgment rendered and an appeal perfected. Thus, the issue typically evades review. Finally, the issue appears to be substantial and novel in light of the fact that petitioner has advanced a constitutional argument in support of his claim and respondents have not pointed to any other appellate decision addressing the issue. Accordingly, the appeal should not be dismissed as moot *(see, supra).*

Turning to the merits, petitioner contends that he was denied procedural due process of law by respondents' refusal to provide him with a copy of the tape or transcript of his hearing, while he was in SHU, for the purpose of pursuing an administrative appeal. The minimal due process requirements for an inmate charged with misconduct are met if he receives "at least 24 hours advance written notice of the charged violation, and a written statement of the fact finders as to the evidence relied upon and the reasons for the action taken" *(Matter of Amato v Ward,* 41 NY2d 469, 472; *see, Wolff v McDonnell,* 418 US 539, 563-564). The purpose of requiring a statement of the evidence relied upon and the reasons for the action is "to provide a written basis for administrative or judicial review of the actions of the prison authorities, if such review is available" *(Matter of Amato v Ward, supra,* at 472). New York allows both administrative review *(see,* 7 NYCRR 254.8) and subsequent judicial review pursuant to the traditional process for reviewing determinations of administrative agencies in this State, i.e., a CPLR article 78 proceeding.

■ Here, petitioner does not assert that he was not provided with a statement of the evidence relied upon and the reasons for the action taken. Petitioner, who has no constitutional right to the type of administrative review afforded by this State *(see, Matter of Amato v Ward, supra,* at 473), was thus afforded with adequate information to allow him to intelligently challenge the disposition of the Superintendent's hearing upon his appeal to the Commissioner of Correctional Services. If petitioner had exhausted his administrative remedies and commenced a timely CPLR article 78 proceeding, the Commissioner would have been required to file a certified copy of the transcript of the hearing with his answer or with the

clerk of the court *(see,* CPLR 7804 [e]; *Matter of Petty v Sullivan,* 131 AD2d 762, 763; *Matter of Jacob v Winch,* 121 AD2d 446). This requirement, however, is statutory in origin and, in the context of an appeal from an administratively affirmed inmate disciplinary action, not constitutionally mandated. We conclude that petitioner was adequately afforded the procedures required by the Constitution as well as the additional procedural protections provided by the applicable statutes and regulations of this State.

MAHONEY, P. J., WEISS, LEVINE and MERCURE, JJ., concur.

Judgment affirmed, without costs.