■ In the Matter of WILLIAM BLAKE, Petitioner, v LOUIS MANN, as Warden of Shawangunk Correctional Facility, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which placed petitioner in involuntary protective custody.

In February 1987, petitioner attempted to escape from police custody when he was being transported between the Onondaga County Public Safety Building and the Town of De Witt Justice Court. He grabbed the revolver of a Deputy Sheriff and fired several shots, killing one Deputy Sheriff and seriously wounding another. This incident led to his subsequent conviction of numerous crimes, including murder in the

first degree. He was sentenced to a term of imprisonment of 57 years to life. He was transferred to Shawangunk Correctional Facility in Ulster County. At Shawangunk, petitioner was placed in involuntary protective custody (hereinafter IPC).

The initial decision to place petitioner in IPC was administratively reversed for lack of substantial evidence. Following a second hearing on the matter, the Hearing Officer affirmed petitioner's IPC status subject to a review every 30 days. The reasons for the determination included the nature of petitioner's offense, the perceived threat posed by petitioner to the safety and security of the facility, and statements purportedly made by petitioner that he would escape at any cost. The determination was upheld on administrative appeal. Petitioner then commenced this CPLR article 78 proceeding.

We consider first respondents' contention that petitioner failed to exhaust his administrative remedies. It is well settled that exhaustion of administrative remedies is generally required before commencement of an article 78 proceeding challenging a determination (see, Matter of Valvano v Jones, 122 AD2d 336; Matter of Shahid v Coughlin, 83 AD2d 8, 10-11, affd 56 NY2d 987). Here, petitioner filed a general appeal within the time prescribed by regulations of the Department of Correctional Services (see, 7 NYCRR 254.8). In that appeal, he requested that the determination be reviewed for compliance with constitutional requirements and Departmental regulations. Respondents argue that this request was too vague to afford the reviewing agency a chance to review the issues raised by petitioner in this proceeding.

Initially, we note that this is not a case where petitioner is skipping a step in the administrative review requirements in an attempt to invoke judicial intervention without first complying with the appropriate administrative review procedures (see, Matter of Shahid v Coughlin, supra, at 10-11). The issue here involves petitioner's alleged failure to develop his arguments at the administrative level with the same exactness which he has asserted in this proceeding. Petitioner notes that part of the lack of specificity is due to his purported inability to obtain documentation with respect to the hearing until after the appeal period had expired and the determination of respondent Commissioner of Correctional Services had been rendered. Further, the substantial evidence issue raised by petitioner in this proceeding was the issue on which the prior IPC determination had been reversed and the issue was clearly considered by the Commissioner in this instance. Although petitioner's complaints upon administrative review

were vague, we believe that judicial resolution of the issue without further delay is merited by the circumstances of this proceeding and the interest of justice *(see, Matter of Wong v Coughlin,* 138 AD2d 899, 900).

Petitioner argues that his placement in IPC was illegal. He asserts that the Department regulations allow only inmates who are threatened and not ones who have been found to pose a threat to institutional security to be placed in IPC. The Department's regulations provide that admission to IPC "shall apply in the case of inmates who are potential victims, or are witnesses likely to be intimidated, or lack the strength to live in the general institutional community, or must, *for good cause, be restricted from communication with the general inmate population"* (7 NYCRR 304.1 [b] [emphasis supplied]). Giving deference to the construction by the agency of its own regulation *(see, Matter of Johnson v Joy,* 48 NY2d 689, 691), we do not believe it was irrational for respondents to interpret the regulation as authorizing the commitment to IPC of an inmate who is a threat to institutional safety and security.

Petitioner next argues that the determination to place him in IPC was not supported by substantial evidence. Petitioner had, only months earlier, killed one Deputy Sheriff and seriously injured another during the course of an escape attempt. At his hearing, he conceded that he had made threats to the Trial Judge. Lieutenant M. Rivenburgh testified at the hearing that her review of petitioner's probation report and "one-to-one" watch report prepared by officials of Onondaga County indicated that petitioner had made several threats to escape and kill the persons who had put him in jail. Petitioner was afforded the opportunity to call witnesses and to question Rivenburgh. Although some of the evidence relied upon was hearsay, such evidence is admissible in administrative proceedings and, if probative and relevant, can even be the basis of an administrative determination *(see, People ex rel. Vega v Smith,* 66 NY2d 130; *see also, Matter of Gray v Adduci,* 73 NY2d 741; *Matter of Perez v Welmot,* 67 NY2d 615). We conclude that the evidence in the record amply supports the determination that petitioner represents a threat to institutional safety and security.

Petitioner asserts that he was illegally held in what is known as "restrictive" IPC. There is no dispute that petitioner has not been held in restrictive IPC since January 1988. Petitioner nevertheless seeks review of this issue under the exception to the mootness doctrine which occurs "when the particular issue is likely to reoccur, typically evades review

and is a substantial and novel issue" *(Matter of Rivera v Smith,* 137 AD2d 281, 282). The record does not indicate how frequently, if at all, respondents have continued to use "restrictive" IPC. There is thus no indication as to whether this petitioner or any other inmate may again be subject to this particular status. Nor has the status become a part of petitioner's permanent records. Accordingly, we conclude that the issue is moot.

Petitioner's remaining arguments, including his equal protection and due process arguments, have been considered and found meritless.

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Weiss, Mikoll, Harvey and Mercure, JJ., concur.