■ In the Matter of DARIUS GITTENS, Appellant, v JAMES E. SULLIVAN, as Superintendent of Sing Sing Correctional Facility, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents, dated June 8, 1987, finding that the petitioner had violated an institutional rule and imposing a penalty, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Donovan, J.), entered January 13, 1988, which dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

Initially, we find that the petitioner's due process rights were not violated because his disciplinary hearing was not concluded within 14 days following the writing of the misbehavior report as required by 7 NYCRR 251-5.1. An extension of time was duly authorized, partly as the result of the petitioner's request for assistance *(see, Matter of Hodges v Scully,* 141 AD2d 729).

However, contrary to the respondents' contention, the petitioner did, in effect, raise in his *pro se* petition the issue of whether the respondents' determination was based upon substantial evidence. Further, the respondents should have submitted a certified copy of the transcript of the hearing with their answer or to the clerk of the Supreme Court *(see,* CPLR 7804 [e]; *cf., Matter of Crudo v Fogg,* 69 AD2d 902). Accordingly, upon remittal, the Supreme Court shall determine if the minutes are extant. If the minutes exist, the court shall require the respondents to file a certified copy of the transcript of the minutes and thereafter the matter shall be transferred to this court *(see,* CPLR 7804 [g]). If the minutes do not exist, then the determination should be annulled and the matter remitted to the respondents for a de novo hearing and determination *(see, Matter of Crudo v Fogg, supra).*

In light of our determination, we do not address the other issues raised by the petitioner. Brown, J. P., Lawrence, Eiber and Sullivan, JJ., concur.