OPINION OF THE COURT
Ciparick, J.
At issue in this case is whether respondent Commissioner possesses the authority to reconsider a prior determination when requested to do so by the petitioner inmate. We conclude that respondent acted properly in entertaining the supplementary appeal to petitioner’s pro se administrative appeal and in granting the relief requested therein.
I
In January 1991, petitioner, a prisoner in the Great Meadow Correctional Facility, was charged in three separate misbehavior reports with disobeying the facility rules prohibiting assault (two counts) and refusing a direct order. Petitioner was found guilty of all charges at a Tier III hearing and received a penalty of 545 days in Special Housing with the loss of privileges and recommended loss of good time credit for that period.
Petitioner filed an administrative appeal pursuant to 7 NYCRR 254.8. He claimed, among other things, that he was denied the right to be present at his hearing. The determination was reviewed and affirmed by respondent on March 18, 1991. On March 21, 1991, respondent’s designee, Donald Selsky, Director of Special Housing/Inmate Discipline, received a letter denominated a "supplementary appeal” from John Charles, Managing Attorney of the Albany office of Prisoners’ Legal Services of New York. The letter was dated March 18th and urged "consideration as to the issue of Mr. Dawes’ presence at the hearing.” Mr. Charles argued for reversal of the hearing determination on procedural grounds, noting that *600 petitioner’s request for preservation of a videotape had been denied and petitioner allegedly needed the tape to prove that he had not refused to attend his hearing. The remedy sought in the letter was a new hearing.
On March 25, 1991, Mr. Selsky reconsidered the appeal, administratively reversed the determination, and ordered a new hearing, stating: "Inmate’s refusal to attend hearing was not clearly established. Also, witness refusal to testify was questionable, especially in view of the fact that the inmate allegedly refused to attend hearing.”
A second hearing was held in April 1991 and petitioner was again found guilty. On administrative appeal, the penalty was modified to 365 days in Special Housing and 12 months recommended loss of good time.
Petitioner commenced this proceeding challenging respondent’s determination and the March 25, 1991 reconsideration and order for a rehearing, and seeking expungement of the proceedings from his record. Supreme Court, initially unaware of respondent’s March 18, 1991 determination, dismissed the petition on the ground that administrative agencies possess inherent authority to reconsider prior nonfinal determinations tainted by procedural improprieties.
Petitioner moved for reconsideration, pointing out that respondent had originally affirmed the hearing disposition on March 18, 1991. Supreme Court granted petitioner’s motion, vacated its prior decision and judgment dismissing the petition, granted the petition, annulled respondent’s determination of March 25, 1991 and the rehearing conducted pursuant thereto, and directed respondent to expunge all records arising out of petitioner’s disciplinary proceeding from his institutional parole and disciplinary file. Supreme Court concluded that respondent "lacked the authority to reconsider, sua sponte, its final decision of March 18, 1991, * * * and to order a rehearing for the purposes of curing alleged procedural defects.” Furthermore, petitioner was entitled to expungement in light of respondent’s denial of petitioner’s fundamental right to be present during his hearing and to call witnesses.
The Appellate Division affirmed, stating: "Respondent, in administratively reversing the determination, effectively found that petitioner was denied, his right to call witnesses and to be present at the hearing. Given these facts, we agree with Supreme Court’s finding that expungement was the proper remedy in this case (see, Matter of Preston v Coughlin, *601 164 AD2d 101; Matter of Rosario v Seksky, 162 AD2d 939).” (193 AD2d 1047-1048.)
II
Prisoners have the right to appeal disciplinary hearing determinations to the Commissioner under 7 NYCRR 254.8. No provision exists, however, concerning reconsideration of the Commissioner’s decisions. Notwithstanding the absence of explicit statutory or regulatory authority permitting respondent to reconsider an apparently final prior determination, we conclude that respondent acted properly in this case. As we have previously recognized, "this is a new area of the law in which some experimentation] must be expected and tolerated before workable rules are formulated” (Matter of Laureano v Kuhlmann, 75 NY2d 141, 149). In the absence of statutory or regulatory guidance, respondent is entitled to exercise some discretion in fashioning appropriate remedies (see, Arteaga v State of New York, 72 NY2d 212, 217 ["the Legislature has granted the Commissioner of Correctional Services broad discretion in the formulation and implementation of policies relating to security and to the disciplining of inmates”]).
We can discern no purpose that would be served by denying respondent the authority to reconsider its prior determination and to order a new hearing when the petitioner or the petitioner’s attorney expressly requests such relief. Moreover, there is no bar to the exercise of such authority. Respondent should not be discouraged from entertaining attorney requests to supplement pro se inmate appeals, as the participation of an attorney in the appeals process enhances the quality of advocacy and thereby assists respondent in efficiently identifying and correcting errors. Moreover, recognition of respondent’s authority to grant a new hearing at a petitioner’s express request provides for a moderate, practical alternative to either reversing and expunging or testing close cases in the courts. Such a rule comports with common sense and promotes judicial economy (cf., Holt v Board of Educ., 52 NY2d 625, 633 [common sense dictates that between extremes of permissiveness and strictness a more moderate option should be available in the administrative context]).
In this case, respondent’s reconsideration resulted in petitioner’s being afforded a full and fair opportunity to attend his hearing and to have his witnesses called. Any doubt as to petitioner’s refusal to attend the first hearing was resolved in *602 his favor, thus obviating the need for further investigation into the alleged refusal to attend, a potentially difficult and time-consuming endeavor given the failure to preserve the videotape. Having received the relief he requested, petitioner cannot now be heard to complain.
Ill
We also disagree with the conclusion of the courts below that expungement was the required remedy in this case. Although remittal for a new hearing is not permitted where the record lacks substantial evidence to sustain a charge, in a case such as this one, where the petitioner expressly opted for reconsideration and a new hearing as the means of relief, expungement is not necessary.
Accordingly, the order of the Appellate Division should be reversed, without costs, and the petition dismissed.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Levine concur.
Order reversed, etc.