■ In the Matter of GREGORY BROWN, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Appellants. [625 NYS2d 106] —White, J. Appeal from a judgment of the Supreme Court (Lewis, J.), entered January 3, 1994 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, while a prisoner at the Clinton Correctional Facility in Clinton County, was charged with three misbehavior reports alleging several violations of disciplinary rules. A tier III hearing was held, petitioner was found guilty of all but one of the charges at issue, and this determination was reviewed and affirmed on administrative appeal. Meanwhile, Prisoners' Legal Services became involved in the case and wrote to respondent Commissioner of Correctional Services requesting reconsideration of petitioner's appeal and a reversal of the disposition. Responding to this request, the Commissioner administratively reversed the decision of the Superintendent's hearing and ordered a new hearing, with the direction that the original misbehavior report and other documentary evidence could be utilized but that all other records would be expunged. The rehearing commenced on December 14, 1992 and, after seven witnesses testified, concluded on

December 23, 1992 with a finding of guilt which was affirmed after an administrative appeal. Petitioner then brought this CPLR article 78 proceeding contending that the Commissioner was without authority to order a rehearing and Supreme Court agreed, concluding that reversal and expungement was the proper remedy. Respondents appeal.

We find that the recent case of *Matter of Dawes v Coughlin* (83 NY2d 597) is dispositive of this matter. There, in a similar situation, the Court of Appeals held that the respondent acted properly in entertaining a "supplementary appeal" from Prisoners' Legal Services and that in the absence of explicit statutory or regulatory authority, respondent was entitled to exercise some discretion in fashioning appropriate remedies in cases of this nature. The Court of Appeals further found that the respondent had the authority to reconsider its prior determination and order a new hearing when petitioner had requested such relief, since this would provide a practical alternative to either reversing and expunging the record in these cases or testing them in the courts.

Therefore, consistent with *Matter of Dawes v Coughlin (supra)*, we conclude that the Commissioner's action in directing a reconsideration of this matter was proper. Upon reviewing the record it is clear that the rehearing afforded petitioner a full and fair opportunity to present his case and that all available witnesses testified, including the two witnesses originally requested by petitioner. The record further reveals that the determination of guilt following the rehearing was supported by substantial evidence *(see, Matter of Abdur-Raheem v Mann,* 85 NY2d 113); thus, the judgment of Supreme Court should be reversed and the petition dismissed.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, determination confirmed and petition dismissed.