■ In the Matter of PLEASANT CARTER, Appellant, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, Respondent. [706 NYS2d 366] —Appeal

from a judgment of the Supreme Court (Kavanagh, J.), entered July 15, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

In February 1998, petitioner, a prison inmate, was found guilty of violating prison disciplinary rules prohibiting assault on staff and violent conduct. This determination was initially affirmed upon administrative appeal, but it was later reversed and a new hearing was ordered after petitioner's counsel, Prisoners' Legal Services, wrote a letter complaining that the tape recording of petitioner's disciplinary hearing could not be located. Following the rehearing, petitioner was again found guilty of the charges and he thereafter commenced this CPLR article 78 proceeding claiming that the rehearing in lieu of expungement of the administrative decision from his prison record violated his constitutional rights. Supreme Court dismissed the petition and we affirm.

Contrary to petitioner's argument, inmates do not possess a constitutional right to a tape recording of a disciplinary hearing (*see, Matter of Rivera v Smith*, 137 AD2d 281; *see also, Matter of Amato v Ward*, 41 NY2d 469, 472). Consequently, we find no error in the order directing a rehearing (*see, Matter of Monko v Selsky*, 246 AD2d 699), especially given the fact that the problems created by the absence of the tape recording were pointed out by petitioner's attorney (*cf., Matter of Dawes v Coughlin*, 83 NY2d 597, 601).

Mercure, J. P., Crew III, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.