■ In the Matter of THOMAS TURNER, Petitioner, v JAMES F. NEWTON, as Superintendent of Watertown Correctional Facility, et al., Respondents. [708 NYS2d 645] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was found guilty of drug possession after tampered pill capsules were discovered in his cell. Upon administering a NIK test, a white powder in one of the capsules tested positive for cocaine. In our view, the misbehavior report, combined with the testimony adduced at the hearing, constitute substantial evidence supporting the charge of drug possession (*see, Matter of Minton v Goord*, 263 AD2d 811; *Matter of Lagano v Goord*, 263 AD2d 756). Contrary to petitioner's contention, the fact that the Hearing Officer chose

to credit the testimony of the pharmacist and two correction officers does not indicate bias. Any conflicting evidence created a credibility issue properly resolved by the Hearing Officer (*see, Matter of Youngblood v Goord*, 267 AD2d 640).

We also reject petitioner's contention that he was improperly denied a copy of the hearing transcript prior to filing his administrative appeal. Respondents are not required to serve a copy of the transcript until petitioner has commenced a CPLR article 78 proceeding (*see, Matter of Rivera v Smith*, 137 AD2d 281). We have examined petitioner's remaining contentions, including his claim that he was denied his right to call witnesses, and find them to be without merit.

Mercure, J. P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.