■ In the Matter of Roland Green, Petitioner, v Michael McGinnis, as Superintendent of Southport Correctional Facility, et al., Respondents. [721 NYS2d 569] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of respondent Superintendent of Southport Correctional Facility which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner challenges a determination finding him guilty of violating the prison disciplinary rules prohibiting the refusal of a direct order and obstruction of visibility into his cell. Contrary to petitioner's contention, the misbehavior report, together with the testimony of the correction officer who authored the report, constitute substantial evidence of petitioner's guilt (*see, Matter of Pryce v Goord*, 274 AD2d 804). We also reject petitioner's contention that he was denied the right to call a particular witness since this witness lacked personal knowledge of the incident (*see, Matter of Dabney v Murphy*, 278 AD2d 714; *Matter of Pabon v Coombe*, 249 AD2d 629, 629-630). Nor do we find that he was improperly denied the right to introduce documentary evidence in his defense as it is clear

that the documents in question were immaterial or irrelevant to the charges (*see, Matter of Fletcher v Murphy*, 249 AD2d 638, 639). Finally, we are unpersuaded that the Hearing Officer was biased and, in any event, petitioner failed to establish that the outcome of the hearing flowed from bias (*see, Matter of Amaker v Senkowski*, 278 AD2d 725; *Matter of Lawrence v Headley*, 257 AD2d 837).

Mercure, J. P., Peters, Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.