■ In the Matter of ANTHONY FLENON, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [806 NYS2d 728]—

Appeal from a judgment of the Supreme Court (Cannizzaro, J.), entered October 19, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate, approached a female grievance supervisor and told her that he was in love with her and also tried to get her attention when she left the correctional facility at night by tapping on the window. As a result of this conduct, he was charged in a misbehavior report with harassing an employee and engaging in threatening behavior. Following a tier III disciplinary hearing, petitioner was found guilty of the charges and the determination was affirmed on administrative appeal. He commenced this CPLR article 78 proceeding challenging the determination on the grounds that he was improperly denied the right to call witnesses and the right to present documentary evidence at the hearing. After service of respondent's answer, Supreme Court dismissed the petition and this appeal ensued.

We affirm. Initially, we find no error in the Hearing Officer's denial of petitioner's request to call the Deputy Superintendent of Security as a witness as he did not have personal knowledge of the incident in question and, therefore, his testimony was not relevant to the charges (*see Matter of Trammell v Selsky,* 10 AD3d 787, 788-789 [2004]; *Matter of Green v McGinnis,* 281 AD2d 671, 671 [2001]). As for the documentary evidence that petitioner claims he was denied, the hearing transcript reveals that he sought a log book purportedly detailing the female grievance supervisor's activities. The supervisor, however, testified that no such documentation existed. Given that "there is no requirement to produce documents that do not exist" (*Matter of Spirles v Goord,* 308 AD2d 610, 611 [2003]), petitioner was not denied the right to present documentary evidence at the hearing.

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.