In the Matter of Paul Davila, Petitioner, v Donald Selsky, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [814 NYS2d 830]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Acting upon confidential information, correction officials approached petitioner's cell to conduct a search. When they arrived, they observed petitioner standing next to the toilet and he was ordered not to flush it. He ignored this directive and ap-

---

peared to dispose of an unknown object. Although no contraband was found on petitioner or in his cell, he was charged in a misbehavior report with refusing a direct order, interfering with an employee and violating search and frisk procedures. Following a tier III disciplinary hearing, petitioner was found guilty of the first two charges, but not the third. The determination was upheld on administrative appeal, resulting in this CPLR article 78 proceeding.

We confirm. The misbehavior report, together with the corroborating testimony of the correction officers who witnessed the incident, provide substantial evidence supporting the determination finding petitioner guilty of refusing a direct order and interfering with the correction officers' duties in administering the search (*see Matter of Barber v Selsky*, 17 AD3d 950, 951 [2005]; *Matter of Thorpe v Goord*, 13 AD3d 690, 690-691 [2004]). Petitioner's claim that his employee assistant failed to interview key witnesses is not substantiated by the record. In any event, there is no indication that he suffered any prejudice as a result of his assistant's alleged inadequacies as the hearing officer obtained the testimony of the witnesses petitioner wished to have testify at the hearing (*see Matter of Blackwell v Goord*, 5 AD3d 883, 884-885 [2004], *lv denied* 2 NY3d 708 [2004]). Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Peters, J.P., Mugglin, Rose, Lahtinen and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.