■ In the Matter of JUSTIN COSTANTINO, Petitioner, v GLENN S. GOORD et al., Respondents. [831 NYS2d 719]—

Proceeding pursuant to CPLR article 78 to review three determinations of the Superintendent of Fishkill Correctional Facility dated January 21, 2005, February 9, 2005, and March 11, 2005, respectively, which affirmed the findings of three Hearing Officers dated January 4, 2005, January 13, 2005, and March 9, 2005, respectively, made after Tier II disciplinary hearings, that the petitioner was guilty of violating prison disciplinary rules and the imposition of penalties thereon.

Adjudged that the petition is granted, without costs or disbursements, to the extent that the determination dated March 11, 2005, which affirmed the finding that the petitioner was guilty of violating 7 NYCRR 270.2 (B) (17) (i) is annulled, that finding is vacated, that charge is dismissed, the penalty imposed with respect thereto is vacated, and the respondents are directed to expunge all references to that finding from the

petitioner's institutional record, without prejudice to renewed charges and a de novo hearing and new determination if the respondents be so advised; the petition is otherwise denied, the determinations are otherwise confirmed, and the proceeding is otherwise dismissed on the merits.

A written misbehavior report made by an employee who observed the incident or ascertained the facts can constitute substantial evidence of an inmate's misconduct so long as it is sufficiently relevant and probative (*see Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990]; *Matter of Cruz v Goord*, 260 AD2d 379 [1999]). Contrary to the petitioner's assertions, the hearing testimony, along with the misbehavior reports, constituted substantial evidence to support the determinations dated January 21, 2005, and February 9, 2005, respectively, that the petitioner was guilty of certain of the charges brought against him (*see Matter of Kalwasinski v Goord*, 25 AD3d 1050 [2006]; *Matter of Therrien v Goord*, 20 AD3d 838, 838-839 [2005]; *Matter of Stile v Goord*, 285 AD2d 693 [2001]; *Matter of Navarro v Selsky*, 249 AD2d 654 [1998]). The petitioner's exculpatory testimony presented a credibility issue (*see Matter of Burgess v Goord*, 30 AD3d 877, 878 [2006]; *Matter of Billue v Goord*, 28 AD3d 845, 846 [2006]; *Matter of Navarro v Selsky, supra*).

Additionally, the first misbehavior report provided sufficient particulars to satisfy the statutory requirements (*see* 7 NYCRR 251-3.1), allowing the petitioner to present an effective defense to the charges against him (*see Matter of Bossett v Portuondo*, 3 AD3d 639, 640 [2004]; *Matter of Couch v Goord*, 255 AD2d 720, 721-722 [1998]). Further, there is no merit to the petitioner's contention that he was deprived of his right to call witnesses (*see Matter of Hynes v Goord*, 30 AD3d 652, 653 [2006]; *Matter of Flenon v Goord*, 24 AD3d 912, 913 [2005]). The record indicates that the testimony of the requested witness would not have been relevant to the issue of the petitioner's guilt (*see Matter of Hynes v Goord, supra; Matter of Seymour v Goord*, 24 AD3d 831, 832 [2005]).

However, the determination dated March 11, 2005 must be annulled, as the respondents, in effect, correctly concede, since the minutes of the hearing do not exist (*see Matter of Parkinson v New York State Dept. of Correctional Servs.*, 191 AD2d 635, 636 [1993]; *Matter of Gittens v Sullivan*, 151 AD2d 481 [1989]; *Matter of Jacob v Winch*, 121 AD2d 446, 446-447 [1986]; *Matter of Dupree v Scully*, 100 AD2d 966, 967 [1984]). The annulment is without prejudice to renewed charges, a de novo hearing thereon, and a new determination if the respondents be so advised. Crane, J.P., Rivera, Goldstein and McCarthy, JJ., concur.