[889 NYS2d 589]

In the Matter of JEROME STALLONE, Appellant, v BRIAN FISCHER, Respondent.

Second Department, September 15, 2009

**APPEARANCES OF COUNSEL**

*Jerome Stallone*, Pine City, appellant pro se.

*Andrew M. Cuomo, Attorney General*, New York City (*Peter Karanjia* and *David Lawrence III* of counsel), for respondent.

**OPINION OF THE COURT**

LEVENTHAL, J.

These appeals, which arise from the denial of a petition brought pursuant to CPLR article 78, raise numerous issues regarding due process afforded inmates in disciplinary hearings. The petitioner, an inmate, was found after an initial tier III

disciplinary hearing to have violated various institutional rules. He administratively appealed that determination to the New York State Department of Correctional Services (hereinafter DOCS), and sought reversal and a rehearing or expungement. On administrative appeal, the determination of the hearing officer was reversed and a rehearing ordered based on a finding that the petitioner had not been provided with written reasons for the denial of his request to call certain witnesses. A rehearing was held and the petitioner was again found to have violated those rules.

The petitioner commenced this proceeding pursuant to CPLR article 78 subsequent to the rehearing, but prior to a determination of his administrative appeal of the rehearing. He argued, inter alia, that at the first hearing his request to call certain witnesses was denied, but that he was not provided with any reason for the denial. He asserted that, as such, he was entitled to expungement and that it was error to order a rehearing. Further, he alleged that at the rehearing he requested that a particular witness be called to testify and that he was advised that the hearing officer spoke with the witness on the telephone, outside of the presence of the petitioner. In its answer, DOCS argued that this proceeding was premature in that the petitioner had not exhausted all of his administrative remedies. The Supreme Court held that DOCS could order a rehearing when a procedural defect was discovered, rather than grant an expungement, so long as a final determination had not been rendered, regardless of whether the defect alleged was of constitutional magnitude. The court further found that the petitioner's substantive claims regarding the rehearing were premature in that the petitioner had not exhausted his administrative remedies.

■ ■ We agree that DOCS properly ordered a rehearing, albeit for reasons different from those espoused by the Supreme Court. Further, we agree that a majority of the substantive claims raised by the petitioner regarding the rehearing were premature since he did not exhaust his administrative remedies. However, we cannot determine whether there was a constitutional error committed in the course of the rehearing, specifically, whether DOCS failed to call a witness requested by the petitioner and, if so, whether the record demonstrates a good faith basis for that refusal, since DOCS failed to file the transcript of that proceeding.

"Generally, 'one who objects to the act of an administrative agency must exhaust available administrative remedies before

being permitted to litigate in a court of law' " (*Matter of Laureiro v New York City Dept. of Consumer Affairs*, 41 AD3d 717, 719 [2007], quoting *Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [1978]). However, the "[e]xhaustion of administrative remedies is not required where an agency's action is challenged as either unconstitutional or wholly beyond its grant of power or when resort to an administrative remedy would be futile, or when its pursuit would cause irreparable injury" (*Matter of Laureiro v New York City Dept. of Consumer Affairs*, 41 AD3d at 719). Accordingly, a challenge that an action was unconstitutional is an exception to the requirement that administrative remedies be exhausted.

An inmate charged with violation of a prison regulation which could result in the loss of "good time" credit is entitled to minimum due process protections (*Matter of Laureano v Kuhlmann*, 75 NY2d 141, 146-147 [1990]). These protections include a conditional right to call witnesses when it will not be unduly hazardous to institutional safety or correctional goals (*id.*). One of the reasons for limiting the inmate's right to call witnesses is that the prison officials must have the discretion to reduce the risk of violence that may occur between the accused and those who provide evidence against him (*id.*). An inmate's rights at a disciplinary hearing are set out by prison regulations which grant a conditional right to call witnesses unless the hearing officer determines that institutional safety or correctional goals would be jeopardized (*id.*). The regulations require that if a request for a witness is denied the hearing officer must give the inmate a written statement specifying the reason for the denial (*see* 7 NYCRR 254.5 [a]). The failure to provide an inmate with a written statement of the reasons for the denial of a request to call a witness is a violation of a regulation, but is not a constitutional due process violation (*see Matter of Alvarez v Goord*, 30 AD3d 118, 119-120 [2006]; 7 NYCRR 254.5 [a]). However, a denial of a request to call a witness without any stated good faith reason is a constitutional violation that requires expungement (*see Matter of Alvarez v Goord*, 30 AD3d at 119-120). "A disciplinary determination cannot stand when a denial of the inmate's request to call a witness, or to be present when his witness testifies, is wholly unexplained . . . but will not be set aside if the record discloses the basis for the denial" (*Matter of Laureano v Kuhlmann*, 75 NY2d at 147; *see Matter of Barnes v LeFevre*, 69 NY2d 649, 650 [1986]; *Matter of Wiederhold v Scully*, 141 AD2d 550, 550-551 [1988]). Even when there

is a constitutional violation, expungement is not required and a rehearing may be granted when such relief is sought by the inmate (*see Matter of Dawes v Coughlin*, 83 NY2d 597 [1994]). In *Dawes*, an inmate was found to have violated institutional rules following a disciplinary hearing. The inmate filed an administrative appeal alleging, among other things, that he was denied his right to be present at the hearing (*id.* at 599). The appeal was denied and the inmate's counsel wrote to the Commissioner of DOCS requesting that he reconsider and order a rehearing (*id.*). The Commissioner ordered the rehearing (*id.* at 600). Thereafter, the inmate brought a CPLR article 78 proceeding, arguing that the Commissioner did not have the authority to reconsider his previous determination and order a rehearing, and that the matter should have been expunged (*id.*). The Court of Appeals determined that since the inmate requested reconsideration and a new hearing, the order of the Commissioner directing a new hearing was proper. The Court held:

> "We can discern no purpose that would be served by denying respondent the authority to reconsider its prior determination and to order a new hearing when the petitioner or the petitioner's attorney expressly requests such relief . . . Moreover, recognition of respondent's authority to grant a new hearing at a petitioner's express request provides for a moderate, practical alternative to either reversing and expunging or testing close cases in the courts" (*id.* at 601).

In *Matter of Higgins v Selsky* (27 AD3d 913 [2006]), the inmate filed an administrative appeal seeking reconsideration after he was found to have violated institutional rules following an inmate disciplinary hearing. Thereafter, the inmate argued in a CPLR article 78 proceeding that the proper remedy was expungement and not a rehearing. The Appellate Division, Third Department, citing *Dawes*, found that since the inmate sought reconsideration, the granting of a rehearing was proper (*id.* at 914).

In *Matter of Brown v Coughlin* (214 AD2d 874 [1995]), an inmate was found to have violated institutional rules and his administrative appeal was denied. Counsel for the inmate made a written request for reconsideration and reversal. Reconsideration was granted and a new hearing was ordered. Thereafter, the inmate challenged the remedy of a new hearing and argued that the determination should have been reversed and the mat-

ter expunged. The Third Department confirmed the determination, again citing *Dawes*.

In the present case, the petitioner alleged in an affidavit that at the first hearing he was not provided with any reason, either written or oral, for the denial of his request to call certain witnesses. Since this claim raises a potential constitutional violation, the exhaustion of administrative remedies is not a prerequisite to the commencement of this proceeding.

DOCS, in contravention of CPLR 7804 (e), did not provide the Supreme Court with a transcript of either disciplinary hearing. It maintained that its failure to do so was inadvertent. The determination on the petitioner's administrative appeal included a finding that the petitioner had not been given a written reason for the refusal to call his witnesses, but it made no mention of whether the record contained any basis for the denial. Accordingly, it cannot be determined whether there was a constitutional violation. However, since the petitioner, in his administrative appeal, sought reconsideration and either expungement or a rehearing, the granting of a rehearing was proper (*see Matter of Dawes v Coughlin*, 83 NY2d at 601).

As to the rehearing, the petitioner also alleges a constitutional violation in that he maintains that he requested a witness and was advised that the hearing officer spoke with the witness over the telephone and outside of his presence. As to this claim, it was not necessary for the petitioner to exhaust his administrative remedies (*see Matter of Laureiro v New York City Dept. of Consumer Affairs*, 41 AD3d at 719). Since DOCS failed to provide the transcripts of the proceedings, it cannot be determined whether there was a constitutional violation.

The remainder of the errors raised by the petitioner regarding both hearings do not allege constitutional violations. Therefore, the petitioner was required to exhaust his administrative remedies prior to commencing a proceeding pursuant to CPLR article 78, and accordingly they are premature (*id.* at 719).

Accordingly, the appeal from the order is dismissed, the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Westchester County, to direct DOCS to file the transcript and thereafter determine the issue of whether there was a constitutional violation at the rehearing (*see Matter of Gittens v Sullivan*, 151 AD2d 481 [1989]; *Matter of Dupree v Scully*, 100 AD2d 966 [1984]).

MASTRO, J.P., COVELLO and ENG, JJ., concur.

Ordered that the appeal from the order is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, to direct DOCS to file the transcript and thereafter to determine the issue of whether there was a constitutional violation at the rehearing.