■ In the Matter of DANIEL HOLMES, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [885 NYS2d 654]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner, a prison inmate, was charged in a misbehavior report with possessing a weapon after a frisk of his cell revealed a plastic shank secreted in a sock found in a bag between the toilet and a wall. Petitioner was found guilty following a tier III disciplinary hearing and, after an unsuccessful administrative appeal, he commenced this CPLR article 78 proceeding seeking annulment of that determination.

Initially, we find that the determination that petitioner was guilty of possessing a weapon is supported by substantial evidence by virtue of the detailed misbehavior report, the corroborating testimony of the officer who conducted the cell frisk and the weapon recovery report and accompanying photograph (*see Matter of Cruz v Fischer*, 57 AD3d 1055, 1055 [2008]; *Matter of Jackson v Dubray*, 56 AD3d 919, 919 [2008]; *Matter of Fews v*

*Goord,* 54 AD3d 1073, 1074 [2008]). Additionally, we reject petitioner's contention that his fundamental due process rights were violated because he did not receive a copy of the tape recording of his tier III disciplinary hearing. Inmates do not possess a constitutional right to such recordings and, here, where petitioner was provided with a statement of the evidence that was relied upon and the reasons for the action taken, he was afforded the necessary information to challenge the determination (*see Matter of Turner v Newton,* 272 AD2d 688, 689 [2000]; *Matter of Carter v Goord,* 271 AD2d 729, 730 [2000]; *Matter of Rivera v Smith,* 137 AD2d 281, 283-284 [1988]). In any event, the record demonstrates that petitioner's requests for the tape recording were directed toward the Auburn Correctional Facility in Cayuga County and he was timely notified that to obtain a copy of the tape recording, he needed to contact the Attica Correctional Facility in Wyoming County, where the hearing was held.

To the extent that petitioner challenges the confidential information that led to the search of his cell, we note that the Hearing Officer was not required to determine its veracity inasmuch as it was not relied upon nor relevant to the determination of petitioner's guilt (*see Matter of Kearney v Fischer,* 51 AD3d 1185, 1186 [2008]; *Matter of Davis v Selsky,* 270 AD2d 548, 548 [2000]). Likewise, we find no merit in petitioner's claim that he was prejudiced by deficient employee assistance because the assistant failed to interview requested inmates. Petitioner was given the opportunity to call the inmates as witnesses at the hearing, but declined to do so (*see e.g. Matter of Tirado v. Goord,* 50 AD3d 1332, 1333 [2008]; *Matter of Davila v Selsky,* 29 AD3d 1247, 1248 [2006]; *Matter of Alvarez v Goord,* 17 AD3d 945, 946 [2005]). Finally, petitioner's contention that the weapon was planted in his cell in retaliation for complaints he had lodged against two correction officers raised a credibility issue for the Hearing Officer to resolve (*see Matter of Washington v Napoli,* 61 AD3d 1243, 1243 [2009]; *Matter of Jackson v Fischer,* 59 AD3d 820, 820 [2009]). Petitioner's remaining claims have been examined and found to be without merit.

Cardona, P.J., Mercure, Spain and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.