*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   March 10, 2016                    521258
_____

In the Matter of JERMAIN
    BOYKIN,
                        Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT
ALBERT PRACK, as Director of
    Special Housing and Inmate
    Disciplinary Programs,
                        Respondent.
_____

Calendar Date:   January 19, 2016

Before:   Peters, P.J., McCarthy, Rose and Devine, JJ.

                        _____


        Jermain Boykin, Elmira, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

                        _____


        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of the Commissioner of Corrections and
Community Supervision finding petitioner guilty of violating
certain prison disciplinary rules.

        Petitioner was charged in a misbehavior report with
soliciting, providing false information, possession of
contraband, possession of stolen property and violation of
telephone procedures.  The charges stem from an investigation and
search of petitioner's cell that uncovered various tax documents
containing false information suggestive of a scheme to file
fraudulent income tax returns.  Also obtained during the
investigation were telephone recordings of petitioner to a woman

wherein they discussed tax forms and her contacting the Internal Revenue Service. Petitioner was initially found guilty of all charges except possession of stolen property but, due to the Hearing Officer's failure to independently assess the reliability and credibility of the confidential information, that determination was administratively reversed and a rehearing ordered. Following the rehearing, petitioner was again found guilty of all charges with the exception of possession of stolen property. That determination was affirmed upon administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. Petitioner's claim that it was error for the Commissioner of Corrections and Community Supervision to order a rehearing, and not expungement, of the charges is without merit. "[W]here, as here, the procedural errors in the first hearing are discovered before a final administrative determination is rendered, a new hearing to correct such errors is proper, even where the errors are of constitutional dimension" (Matter of Pabon v Coombe, 249 AD2d 629, 629 [1998] [internal quotation marks and citation omitted]; see Matter of Hughes v Bedard, 117 AD3d 1246, 1247 [2014]; Matter of Murray v Scully, 170 AD2d 829, 831 [1991], lv denied 78 NY2d 856 [1991]). Petitioner's remaining challenges to the initial determination of guilt are moot insofar as that determination was administratively reversed (see Matter of Hamilton v Selsky, 13 AD3d 844, 845 [2004], lv denied 5 NY3d 704 [2005]).

To the extent that petitioner argues that the determination at issue is not supported by substantial evidence, the misbehavior report, related documentary evidence, telephone recordings, confidential information and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Best v Larkin, 116 AD3d 1306, 1307 [2014]). Furthermore, petitioner's contention that the Hearing Officer erred in failing to consider testimony from the first hearing is without merit. Any inconsistencies as to the reason for the commencement of the investigation was irrelevant to the charges (see Matter of Covington v Harford, 105 AD3d 1289, 1290 [2013], lv denied 21 NY3d 862 [2013]; Matter of Sweeter v Coughlin, 221 AD2d 741, 741 [1995]).

                              -3-                        521258

        Peters, P.J., McCarthy, Rose and Devine, JJ., concur.



        ADJUDGED that the determination is confirmed, without
costs, and petition dismissed.




                         ENTER:

                         Robert D. Mayberger
                         Clerk of the Court