Matter of Vance v State of New York Dept. of Corr. & Community Supervision (2018 NY Slip Op 01692)





Matter of Vance v State of New York Dept. of Corr. & Community Supervision


2018 NY Slip Op 01692


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

525228

[*1]In the Matter of WAYNE P. VANCE, Petitioner, 
v
STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, Respondent.

Calendar Date: January 23, 2018

Before: Garry, P.J., Lynch, Devine, Mulvey and Aarons, JJ.


Wayne P. Vance, Comstock, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision which, among other things, remitted the matter for a new hearing.
Petitioner was charged in a misbehavior report with refusing a direct order, creating a disturbance, assaulting staff and engaging in violent conduct. Petitioner was found guilty of all charges following a tier III disciplinary hearing and that determination was affirmed upon administrative appeal. Petitioner thereafter requested reconsideration, and the determination was administratively reversed and a rehearing ordered due to the hearing not being properly recorded. Prior to
the rehearing, petitioner commenced this CPLR article 78 proceeding contending that his request for expungement of the charges should have been granted.
Petitioner's challenges to the initial determination, including that it was not supported by substantial evidence, are moot given that the determination was administratively reversed and a new hearing ordered (see Matter of Chavis v Fischer, 140 AD3d 1489, 1489-1490 [2016], lv denied 28 NY3d 911 [2017]; Matter of Boykin v Prack, 137 AD3d 1393, 1394 [2016]). We are unpersuaded by petitioner's contention that expungement of the charges, rather than a rehearing, was the proper remedy. Here, the administrative determination was not final where a request for [*2]reconsideration was granted (see Matter of Higgins v Selsky, 27 AD3d 913, 914 [2006]). "Where, as here, the procedural errors in the first hearing are discovered before a final administrative determination is rendered, a new hearing to correct such errors is proper, even where the errors are of constitutional dimension" (Matter of Boykin v Prack, 137 AD3d at 1394 [internal quotation marks and citations omitted]; see Matter of Higgins v Selsky, 27 AD3d at 914)[FN1]. As such, we find no error in a rehearing being ordered.
Garry, P.J., Lynch, Devine, Mulvey and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: The requirement that the hearing be recorded is regulatory (see 7 NYCRR 253.6 [b]; 254.6 [a] [2]). As such, the failure to adequately record the hearing is not an error of constitutional dimension (see Matter of Holmes v Fischer, 66 AD3d 1093, 1094 [2009]; Matter of Carter v Goord, 271 AD2d 729, 730 [2000]).