Matter of Hammock v Keyser (2023 NY Slip Op 06299)

Matter of Hammock v Keyser

2023 NY Slip Op 06299

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

CV-22-2194
[*1]In the Matter of Jesse Hammock, Petitioner,
v
William Keyser, as Superintendent of Sullivan Correctional Facility, et al., Respondents.

Calendar Date:November 9, 2023

Before:Lynch, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Jesse Hammock, Fallsburg, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with engaging in lewd conduct, committing a sexual offense and refusing a direct order. According to the report, petitioner was observed engaging in indecent acts with another incarcerated individual and he ignored several subsequent orders to place his hands on the wall. Following a tier III disciplinary hearing, petitioner was found guilty as charged, and that determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.[FN1]
We confirm. To the extent that petitioner challenges the adequacy of the information provided in the misbehavior report, our review of the record reveals that the misbehavior report was sufficiently detailed in order to provide him with notice of the charges against him and afford him an opportunity to prepare a meaningful defense (see Matter of Knight v Rodriguez, 217 AD3d 1300, 1301 [3d Dept 2023]; Matter of Santos v Annucci, 209 AD3d 1084, 1086 [3d Dept 2022]). Although the testimony of the report's author contained additional facts not included in the misbehavior report, "that is [to be] expected" as "[t]he misbehavior report is a summary that must contain the basic information, which can be expanded upon and supplemented by testimony" (Matter of Shearer v Annucci, 155 AD3d 1277, 1278 [3d Dept 2017]).
We further reject petitioner's contention that he was improperly denied a copy of his hearing transcript prior to filing his administrative appeal. "Respondents are not required to serve a copy of the transcript until petitioner has commenced a CPLR article 78 proceeding" (Matter of Turner v Newton, 272 AD2d 688, 689 [3d Dept 2000]; see Matter of Rivera v Smith, 137 AD2d 281, 283-284 [3d Dept 1988]). Moreover, as petitioner was provided with a statement of the evidence relied on and the reasons for the actions taken, "he was afforded the necessary information to challenge the determination" (Matter of Holmes v Fischer, 66 AD3d 1093, 1094 [3d Dept 2009]). Finally, the Hearing Officer did not err in curtailing petitioner's questioning of the author of the misbehavior report, as the disallowed question would have elicited testimony that was "immaterial, irrelevant and/or redundant" (Diaz v State of New York, 155 AD3d 1279, 1281 [3d Dept 2017], lv dismissed & denied 30 NY3d 1101 [2018]; see Matter of Fero v Prack, 110 AD3d 1128, 1129 [3d Dept 2013]). Petitioner's remaining contentions, to the extent not specifically addressed, have been considered and found to be without merit.
Lynch, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Given that the petition appears to raise an issue of substantial evidence, the proceeding was properly transferred to this Court. However, petitioner has abandoned any such challenge by failing to raise it in his brief (see Matter of Malloy v Rodriguez, 200 AD3d 1382, 1382 n 1 [3d Dept 2021]).